PALMER *v.* JOHNSTON.

*(Circuit Court, N. D. New York.* March 19, 1888.)

1. PATENTS FOR INVENTIONS—SASH BALANCES—PATENTABILITY—INVENTION.
    The invention covered by letters patent No. 126,031, of April 23, 1872, to John J Cowell, for an "improvement in sash balances," relates to a cast metal pulley-box, and consists, in the second claim, in forming the box with two or more semi-tubular swellings, one at each end of the box, adapted to fit auger-holes bored in the frame for inserting the box. *Held,* that the improvement, though a very simple one, involved something more than ordinary mechanical skill, and that it showed inventive novelty in the saving of time and attention to details called for in the use of prior devices.

2. SAME—EVIDENCE OF INVENTIVE NOVELTY.
    The fact that as soon as a patented improvement was made and introduced, its advantages over devices which had preceded it became manifest at once, and it commended itself to the public as a practical and desirable improvement, affords a safer criterion of inventive novelty than any subsequent opinion of an expert or intuition of a judge.

3. SAME—ANTICIPATION—BY PRIOR PATENTS.
    In letters patent No 64,957, of May 21, 1867, to Simon Drum, the method of inserting pulley-boxes in the window frame by making an auger-hole at each end of the proposed recess, and cutting away the intermediate wood, is described, and the specifications set out an oblong pulley-box with rounded ends, the arch of which would correspond with the arch of the auger-holes. *Held* not an anticipation of letters patent No. 126,031, of April 23, 1872, to John J. Cowell, for an "improvement in sash balances," the essential feature of the Cowell device, viz., the semi-tubular swellings, being wanting.

4. SAME—INFRINGEMENT.
    The invention covered by the second claim of letters patent No. 126,031, of April 23, 1872, to John J. Cowell, for an "improvement in sash balances," relates to a cast metal pulley-box, and consists in forming the box with two or more semi-tubular swellings, one at each end of the box, adapted to fit auger-holes bored in the frame for inserting the box. The device covered by letters patent No. 185,369, of December 12, 1876, to John Vetterlein, is provided with semi-tubular swellings, not only at each end, like the Cowell box, but also with intermediate semi-tubular swellings which practically connect with each other. *Held* an infringement.

In Equity.
*Nelson Davenport,* for complainant.
*Esek Cowen,* for respondent.

WALLACE, J. The second claim of letters patent[1] granted to John J. Cowell, April 23, 1872, for an "improvement in sash balances," is in controversy in this suit. The invention in question relates to a cast metal pulley-box, and consists in forming the box with two or more

[1] No. 126,031.

semi-tubular swellings, one at each end of the box, adapted to fit auger-holes bored in the frame for inserting the box. The specification points out the advantages of such a pulley-box as follows:

"In inserting this casing in the window frame it is only necessary to bore auger-holes corresponding with the swellings, and chip out between the holes. The swellings fit snugly in the auger-holes, and it is not necessary to cut away wood neatly between the two auger-holes, as the sides of the box are less in diameter than the diameter of the swellings. The boxes can, by reason of this construction, be more easily and cheaply inserted in window frames, and will be held just as securely and snugly in place as if the sides were more neatly fitted to the wood."

The defendant is manufacturing pulley-boxes made conformably to a patent[1] granted to John Vetterlein, December 12, 1876. That patent describes the alleged infringing device as follows:

"My improvement relates to the case, B, made with an external surface composed of segments of cylinders, C, at opposite sides, so placed that they are adapted to enter mortises formed by holes bored in wood, such holes intersecting so that the interior of the opening made in the wood will be corrugations corresponding with the corrugations upon the surface of the case."

In other words, the defendant's device is provided with semi-tubular swellings, not only at each end, like that of Cowell's pulley-box, but with the intermediate semi-tubular swellings which practically connect with each other. When Cowell made his improvements in pulley-boxes it was customary to insert pulley-boxes in the frame by making an auger-hole at each end of the proposed recess, and cutting away the intermediate wood; and a patent[2] had been granted to Simon Drum, of the date of May 21, 1867, which described this method of inserting pulley-boxes, and described an oblong pulley-box with rounded ends, the arch of which would correspond with the arch of the auger-holes. The pulley-box of this patent did not, however, have the semi-tubular swellings of Cowell's device. This was the nearest approach in the prior state of the art to the pulley-box of Cowell; and Cowell was the first to recognize the advantage in the saving of time and attention to details in inserting pulley-boxes which would result from employing the peculiar form of pulley-box which his patent describes and claims. Cowell's improvement was a very simple one, and it is easy to assert now that any competent mechanic in that department of industry could have made it by the exercise of ordinary mechanical skill. Indeed, it seems surprising now that no one had made it; but no one had, although many kinds of pulley-boxes had been made, and some had been patented; and as soon as this one was made and introduced its advantages were manifest, and it commended itself to the public as a practical and desirable device, and a better one than those which had preceded it. These circumstances afford a safer criterion of inventive novelty than any subsequent opinion of an expert or intuition of a judge.

The defendant has appropriated the invention of the Cowell patent, and a decree is therefore ordered for an injunction and an accounting.

[1] No. 185,369.  [2] No. 64,957.