KELLER ET AL., DOING BUSINESS AS HARTFORD WINDSHIELD COMPANY, *v.* ADAMS-CAMPBELL COMPANY, INC., ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 315.   Argued February 27, 28, 1924.—Decided April 7, 1924.

1. An ordinary patent case, with the usual issues of invention, breadth of claims and infringement, will not be brought here by certiorari unless it be necessary to reconcile decisions of the circuit courts of appeals on the same patent. P. 319.

2. Certiorari granted under the impression that the case involved an important general question under Rev. Stats., § 4916, as to rights intervening between the issue and reissue of a patent, will be

dismissed when it is found that the case was really disposed of by the lower courts upon the ground of non-infringement. *Id.*
Writ of certiorari to review 287 Fed. 838, dismissed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a decree of the District Court dismissing a bill to enjoin infringement of a patent.

*Mr. Wm. A. Loftus,* with whom *Mr. Chas. E. Townsend* and *Mr. Jas. E. Kelby* were on the brief, for petitioners.

*Mr. Ford W. Harris,* for respondents, submitted.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This was a suit to enjoin the infringement of a patent for an improvement in auxiliary windshields for automobiles. It was brought on a reissued patent. The reissue was granted on the ground that the original patent was inoperative to protect the real invention due to defective and insufficient and too narrow claims, all of which arose through inadvertence and mistake due to misunderstanding between the inventor and his solicitor. The defect in his claims was alleged to have been called to his attention April 1, 1919, his application for reissue was filed May 22, 1919, six months and ten days after the granting of the original patent, and the patent for reissue was granted July 20, 1920.

A. F. Kipper, who was the active person among the defendants in designing and promoting the manufacture of the windshield charged to be an infringement, was familiar with the device, the specifications and claims of Keller. He conceived of his device in December of 1918, made some models of it in February of 1919, and in association with one Dick Smith, got up some experimental dies and tools for its manufacture and sale in April and May of that year. Kipper was an employee of Adams-

Campbell Company and that firm in August of 1919 made a contract with Kipper to go into the business of making and selling his product.

The suit for infringement was begun July 1, 1921. All the usual defenses were set up, including lack of invention, the invalidity of the reissue and non-infringement. There was only one expert witness produced by the plaintiff as to the originality and utility of the invention and the infringement by the respondent's device. His evidence was presented in an affidavit but he was tendered for cross-examination which the defendants below declined to pursue. No expert evidence was offered by defendants though they introduced a number of patents to show the state of the art.

The patent is for glass wings or auxiliaries secured in an adjustable manner to the main windshield of an automobile. Their principal object is thoroughly to prevent the creation of a draft through the vehicle body, and they are so mounted that they will not obstruct vision and will have a universality of movement on a double hinge such that they can be changed from their normal position of preventing a draft in cold or windy weather to a deflected position permitting varying degrees of draft desirable in hot weather. To avoid the necessity of a frame around the glass, and to hold it safely and firmly and avoid danger to occupants of the car from breakage and flying pieces of glass, a hollow rod extends lengthwise along the shield, and connects with, and spaces apart, clamp brackets along each end of the shield. The rod is attached at its middle to a double hinge joint giving the shield the universal movement already referred to, and having means firmly to lock it in any position. The real difference between the device as shown in the patent and the alleged infringement is in the method by which the glass is clamped. In the patent, the clamps operate on both sides of the ends of the glass, engaging its opposite surfaces. In the de-

fendant's device, these clamps are brought nearer to the center of the shield member because they are held by perforations in the glass and do not need to reach over to the ends.

The District Court dismissed the bill and the Circuit Court of Appeals affirmed this decree. We granted certiorari upon the allegation of the petition, not denied by opposing counsel, that the sole question was whether one who makes and sells articles not covered by the claims of an original patent, but embraced by the enlarged claims of a subsequent valid reissue, applied for within seven months after the original was granted, has intervening rights such that he is not only immune from liability for what he has made and sold, but enjoys an irrevocable and permanent license to continue to make and sell without restriction.

The extent of the operation of the estoppel creating intervening rights in such a case presents a question not free from difficulty. That a reissued patent enlarging claims of the original, although not specifically mentioned in § 4916, Rev. Stats., is authorized by that section, when the failure to claim the larger claims justified by the actual invention was due to inadvertence, accident or mistake, is settled by the decision of this Court in *Topliff* v. *Topliff*, 145 U. S. 156, and other cases. That case also recognizes that one who, pending the application and granting of the reissue, manufactures and sells articles which infringe the reissued patent may be protected on principles of estoppel from the literal application of § 4916, Rev. Stats., which makes the operation of the reissue relate to the date of the original patent. In *Abercrombie & Fitch Co.* v. *Baldwin*, 245 U. S. 198, a change, in the reissue, of the language of an original claim made it cover not only a bent pipe as shown, but a straight pipe as well, where the substance of the invention included both, and it was held that the intervening rights of immunity of the infringer did not ex-

tend beyond the date of the reissue. It is insisted, however, that the *Fitch Case* was not one of an enlarged claim, or at any rate that a reissue was unnecessary because the original claim would have sufficed. The views of the Circuit Courts of Appeals on the general subject of the scope of intervening rights are not entirely easy to reconcile. *Crown Cork & Seal Co.* v. *Aluminum Stopper Co.,* 108 Fed. 845; *General Electric Co.* v. *Richmond Ry. Co.,* 178 Fed. 84; *A. D. Howe Mach. Co.* v. *Coffield Motor Washer Co.,* 197 Fed. 541; *Autopiano Co.* v. *American Player Action Co.,* 222 Fed. 276; *American Automotoneer Co.* v. *Porter,* 232 Fed. 456. The question, if it were really before us, would be one sufficiently important therefore to justify our consideration of it on certiorari.

Both the District Court and the Circuit Court of Appeals in their final disposition of the case gave color of support to the claim of the petitioners that the question of intervening rights was in this case.

The District Judge in dismissing the bill said:

" Without further discussion, I think the defendants occupy the position of one who has intervening rights and under those circumstances I think the plaintiffs are not entitled to a reissue of the patent as against the defendants."

So the Circuit Court of Appeals, after reciting the evidence showing that the defendants had made the shields in question and built the machinery for future manufacture before the patentee applied for reissue and after being advised by counsel that they would not infringe the original patent, said:

" We, therefore, think it clear that the appellees had and have such intervening rights as were properly protected by the court below."

Yet an analysis of the record and the reasons given in the body of the opinions of the two courts leads to a different conclusion. The District Court said of the alleged infringing device:

" The defendants' bracket is an invention.  It is a surprise to me that that which the defendants did could be done.  The bracket will fit any glass.  It is shorter and does not obstruct the view. . . .  The defendants' bracket is not an equivalent of the bracket in plaintiffs' original patent, because it does not perform the same functions in the same way, but it performs the function of holding the glass in an entirely different way."

So the Circuit Court of Appeals said:

" That there is nothing of a pioneer nature in Keller's device is abundantly shown by the numerous exhibits appearing in the record of windshields and deflectors, of one kind or another, attached to automobiles long before Keller entered the field.  Both his drawings and specifications show that his shield is attached to the machine by brackets that run up and down the glass, holding it at the top and bottom, whereas the appellee's device holds the glass by means of a fixture attached to the face of the glass and which does not extend to either of its ends.

" That for one device to be the equivalent of another it is essential that the former must perform the same function of the latter in substantially the same way is thoroughly settled law."

These passages read in connection with the original and reissued patents and the alleged infringement show that what the courts really held was that the defendants were manufacturing a different invention from that of the plaintiffs, and so could not and did not infringe.  Such an ordinary patent case with the usual issues of invention, breadth of claims and non-infringement, this Court will not bring here by certiorari unless it be necessary to reconcile decisions of Circuit Courts of Appeal on the same patent.  We therefore find ourselves mistaken in assuming that an important issue of general patent law under § 4916, Rev. Stats., is here involved.

The result is that an order must be entered dismissing the writ of certiorari as improvidently granted at the costs of the petitioner. *Layne & Bowler Corporation* v. *Western Well Works, Inc.,* 261 U. S. 387; *Furness, Withy & Co.* v. *Yang-Tsze Insurance Association,* 242 U. S. 430; *United States* v. *Rimer,* 220 U. S. 547.

*Writ dismissed.*