## HAMMOND v. BENZER CORPORATION.

(Circuit Court of Appeals, Second Circuit. April 16, 1925.)

No. 277.

*I.* Patents ⊕═253—That wind deflectors had attained some independent recognition in trade held not to avoid infringement of patented wind shield for automobiles.

That wind deflectors had attained independent recognition in trade, and become known by a different name as an accessory to a motor car, is immaterial on the question whether their manufacture infringes patent for wind shield.

**2. Patents ⊕═328—1,283,164, for wind shield for automobiles, held valid and infringed.**

Hammond patent, No. 1,283,164, for a wind shield for automobiles, including mirrored surface, *held* valid and infringed.

**3. Patents ⊕═191—Patentee's failure to manufacture patented device extensively will not avoid infringement.**

Patentee's failure to manufacture patented device extensively, if at all, will not avoid infringement of his patent.

**4. Patents ⊕═49—Failure to manufacture may be an inference against utility of patented device.**

Failure to manufacture a patented device may be an inference against utility, from the fact of long nonuse, unexplained by lack of means or opportunity, but not where success of infringing device indicates its usefulness.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit for infringement of patent by William P. Hammond against the Benzer Corporation. From a decree of dismissal (295 F. 908), plaintiff appeals. Reversed.

Edmund Quincy Moses, of New York City (Joseph H. Milans, of Washington, D. C., and Nelson Littell, of New York City, of counsel), for appellant.

Henry J. Lucke, of New York City (Richard B. Cavanagh, of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. This patent, No. 1,283,164, granted October 29, 1918, on an application filed July 19, 1913, is for a mirror wind shield for automobiles. It has one claim which provides for "a wind shield for automobiles, including a transparent glass plate having a portion of the surface thereof silvered to provide a reflecting surface, adapted to act as a mirror." It is a combined wind shield and mirror for automobiles and like vehicles, and its object is to provide a novel means of combining a wind shield and mirror in a single construction, eliminating the expense and inconvenience incident to the use of a mirror as a separate and independent attachment. It is claimed that another advantage is that it can be manufactured at substantially the same cost as an ordinary wind shield, which can be used both as a wind shield and a mirror, and is susceptible of adjustment in the usual manner. A portion of the plate glass of the wind shield is designed to be silvered or provided with a reflecting sur-

face adapted to form a mirror. This silvered or mirrored surface is circular or elliptical in shape, and constitutes a narrow strip, which extends entirely across the top of the wind shield. It may be silvered in any desired size or shape, and may be situated at the most advantageous point upon the wind shield, according to the make of the car or the personal ideas of the user. The patent also provides that the silvered surface may be protected by any suitable backing, and the wind shield section may be tilted to any desired angle, so as to set the mirrored surface thereof at the proper inclination.

[1] The appellee's construction is made pursuant to a patent which it owns, granted to H. and L. Benzer on December 27, 1921, on application filed July 29, 1920. It places its mirror upon what it calls wind deflectors, which consist of a plate of nonreflecting transparent material, upon which are constructed mirror means having a relatively restricted area. The wind deflectors are adjustably attached to the bracket, which forms part of the main wind shield. The mirror is constructed by silvering the surface of the part designed for it. The object of the construction of both mirrors by their respective plans is the same, namely, to eliminate the expense and inconvenience incident to the use of mirrors as a separate and independent attachment. The appellee's witness testified to this. But it seeks to avoid infringement of the patent upon the claim that the deflectors are not wind shields, and, in denying the decree below, the District Court approved this claim. The functions of the so-called deflectors indicate that their every purpose is to shield the occupants of the motor car from the wind, and to shield against the wind coming in part from the front and part from the sides of the car. It is a wind deflector, in the same sense that the main plate of the customary wind shield is such. Adjustment is provided, so as to aid ventilation of the car, as is true of the main wind shield.

That they may have attained some independent recognition in the trade, and bear a different name as an accessory to a motor car, does not avoid the infringement of the patent in suit. In Keller v. Adams-Campbell Co., 264 U. S. 314, 44 S. Ct. 356, 68 L. Ed. 705, the Supreme Court in reciting the facts of that case then before it upon a writ of certiorari, used language which referred to what is here called wind deflectors as "glass wings or auxiliaries," secured in an adjustable manner to the main wind shield of an automobile. It stated the purposes of such auxiliaries to be that of a wind shield, as we refer to it here, and we think it regarded the deflectors as part of the wind shield.

In the case of Stephenson v. Brooklyn Cross-Town Railway Co., 114 U. S. 149, 5 S. Ct. 777, 29 L. Ed. 58, the patent was for an improvement in signaling devices for street cars, and it was held to be a mere aggregation of separate devices, each performing the function for which it was adapted when separately used, and the whole contributed no new result as a product of general use, and it was held not patentable. It was a combination and arrangement of devices by which the rear door of a street car could be opened and closed by the driver from the front platform, where he stood, in order to let passengers in and out of cars. One of the claims was for a combination of a bonnet provided with a mirror with an opening, or an opening covered by a transparent medium in the front end of the street car. The purpose of the invention in combining the mirror with the front hood of the car, being so arranged in connection therewith and with an opening in the front end of the car, was to give the driver a clear view of the inside of the car and through the entrance door of the latter, and that without the necessity of his having to turn around for such purpose, thereby enabling him, without withdrawing his attention from the horses, to see when it was necessary to stop, either to receive a passenger or to allow one to get out. What was done was merely putting a separate instrument, a mirror, in a new place.

What the patentee has done here is to make a mirror out of part of the wind shield, which is new. If the patentee here merely put a mirror as a separate instrument on the wind shield, another question would be presented. What he did accomplish was a new result. There is a familiar wind shield, consisting of three parts, which may be folded, and which is most frequently used to protect the passengers in the rear seat. The two wings of that shield undoubtedly constitute part of the wind shield. If the end parts were used for building appellant's mirror, undoubtedly there would be infringement.

[2] The appellee grinds out a concave depression on the auxiliary wind shield. It makes the exposed portion of the concavity the part of the surface of the plate. When it accomplishes this, the glass still serves the function of a wind-break, and, by sil-

vering it, a mirror. The fact that the concave spot is silvered, and then provided with a coating for protecting the same from the weather, does not conceal the fact that the auxiliary wind shield has had a portion of the surface thereby silvered to provide a reflecting surface. The appellant's patent provides for the silvered surface as being protected by a suitable backing, the purpose of which is to protect the silvered section from the weather. The construction which the appellant makes is not to be found in the prior art, and we think that claim is valid and infringed here, even though the wind deflectors may not be said to be an integral whole, but merely a sectional part of the wind shield.

[3, 4] The fact that the appellant has not manufactured extensively, if at all, will not avoid infringement of the patent. The inventor is rewarded for conceiving and disclosing to the public his new or useful invention, which contributes to the comfort, welfare, and happiness of the public. There is no requirement that the inventor should manufacture or show that devices have been manufactured under his patent. There may be many reasons advanced why an inventor cannot enter the field of manufacturing, or secure some one who will manufacture for him. The failure to manufacture may be an inference against utility from the fact of long nonuse, unexplained by lack of means or opportunity. National Malleable Castings Co. v. Buckeye, etc., Co., 171 F. 847, 96 C. C. A. 515. It is significant that the appellee, whom we hold has copied the appellant's invention, has successfully marketed its product, which indicates that the mirror is a useful accessory, when constructed as part of the wind shield. We hold the patent both valid and infringed.

Decree reversed.