BENZER CORPORATION v. DRESNER, et al.

(District Court, S. D. New York. December 2, 1925.)

Patents ⬤◁328—Benzer patent, No. 1,401,942, for mirror on side wind deflector for automobiles, claims 1, 2, held invalid.

Benzer patent, No. 1,401,942, for a convex surfaced mirror on a side wind deflector for automobiles, consisting of a plate of wind-deflecting transparent material attached to bracket, which forms a part of main windshield, claims 1, 2, *held* invalid.

Henry J. Lucke, of New York City, for plaintiff.

Edward H. Yeager, for defendants.

WINSLOW, District Judge. This action is brought on patent No. 1,401,942, issued December 27, 1921, to Henry and Louis Benzer, and duly assigned to the plaintiff corporation. Claims 1 and 2, relied on by the plaintiff, are as follows:

"1. A side wind deflector for vehicles comprising a plate of nonreflecting transparent material, mirror means carried by said plate at a determined distance from the outer edge thereof, said mirror means having a relatively restricted area as compared to the area of said nonreflecting transparent plate, and means for securing said plate to the vehicle, said securing means being attached to said plate at a distance from the said outer edge greater than said determined distance.

"2. A side wind deflector for vehicles, comprising a plate of nonreflecting transparent material, mirror means secured to said plate at a determined distance from the outer vertical edge thereof, said mirror means having an area materially less than the area of said nonreflecting transparent plate, and means for securing said plate to the vehicle, said securing means being attached to said plate remote from said mirror means."

The plaintiff's device is denominated a "side wind deflector" for automobiles. The disclosure specifically is for a mirror upon this so-called wind deflector, which consists of a plate of wind-deflecting transparent material attached to the bracket which forms a part of the main windshield. The mirror is constructed by grinding out a portion of the transparent wind deflector and silvering the surface. The drawings indicate that the silvered portion presents to the driver of the car a convex surface.

I cannot see that the so-called wind deflector is anything more than a part of the so-called windshield. The decision of the Circuit Court of Appeals of this circuit in the case of Hammond v. Benzer Corp'n, 6 F. (2d) 760, has passed upon this very question. In sustaining the Hammond patent, the court said that what Hammond had done was to make "a mirror out of part of the windshield, which is new." The plaintiff here has done the same thing, but Hammond preceded him. It is quite apparent that, if the silvered portion of the wind deflector, which makes the mirror, were flat, instead of having a concave depression ground out on this auxiliary windshield (presenting a convex mirror to the driver), we would have the identical question presented in this case that was presented in Hammond v. Benzer Corp'n, supra.

I cannot, however, see that a convex surfaced mirror in the instant case discloses any invention over Hammond's device. The reasoning of the Hammond Case is quite applicable to this case. It was admitted by plaintiff's expert herein that the claim in the Hammond patent was broad enough, indeed, to permit Hammond to use a convex mirror, or, in fact, any kind of a mirror. It follows, then, that the plaintiffs are prohibited from manufacturing a wind deflector—that is to say, a windshield—with a mirror formed as an integral part thereof by reason of the decision cited.

If the claims, however, are interpreted to cover the association of a mirror as an instrument on a wind deflector, then the wind deflector becomes nothing more than a support for the mirror, unrelated and in no sense functioning together. Such a combination, without any interdependence of function, would be similar to that condemned in the well-known case of Stephenson v. Brooklyn Cross Town R. R. Co., 114 U. S. 149, 5 S. Ct. 777, 29 L. Ed. 58. Mere size, shape, and location are not of a patentable consequence.

The object of construction of both the Hammond patent and the Benzer patent in the instant case is to eliminate the expense and inconvenience incident to the use of mirrors as a separate and independent attachment. The plaintiff in this case has apparently copied the valid Hammond invention, and has been condemned for so doing in the case above cited.

I am of the opinion that the patent in

suit is invalid. It is therefore unnecessary to discuss the question of infringement.

Decree for defendant.