### BENZER CORPORATION v. DRESNER et al.

(District Court, S. D. New York. December 2, 1925.)

**1. Patents ⬤═328—Drake and Vanderveer patent, No. 1,362,856, for rear view mirror within automobile windshield, held invalid.**

Drake and Vanderveer patent, No. 1,362,-856, with claim disclosing a specific combination of a rear view mirror positioned within confines of automobile windshield, in which there is an opening and method of attaching means for associating mirror with such support, *held* invalid.

**2. Patents ⬤═25—Mere aggregation of old elements, performing no new function, is not invention.**

A mere aggregation of old elements, performing no new function, is not invention.

In Equity. Action by the Benzer Corporation against Lester Dresner and others, trading under the firm name and style of the Bronx Electro-Plating Company. Decree for defendants.

Henry J. Lucke, of New York City, for plaintiff.

Edward H. Yeager, for defendants.

WINSLOW, District Judge. This is an action in equity involving the alleged infringement by the defendants of patent No. 1,362,856, granted December 21, 1920, to Drake and Vanderveer, for windshield mirror, and later assigned to the plaintiff. The defense is that the patent is invalid for want of invention, and that the defendants do not infringe.

This case was tried simultaneously with the action between the same parties involving patent No. 1,401,942, 10 F.(2d) 619, and it was stipulated that the evidence in that case, so far as the same may be relevant, shall be deemed as a part of this record. The claim in suit is as follows:

"The combination, with a windshield having an opening formed therein in spaced relation to its edge, of a rear view mirror positioned entirely within the confines of the windshield and having a hinge ear, a U-shaped bearing bracket having its arms pivotally connected with the hinge ear, a securing bolt carried by the bearing bracket and extending through the opening of the windshield, a bushing upon the bolt filling the opening in the windshield, washers upon the bolt engaging opposite faces of the windshield, a securing nut threaded upon the bolt, and a spring upon the bolt between the nut and one of the washers."

It is not disputed that the device manufactured and distributed by defendants is identical with plaintiff's. An analysis of the claim of the patent in suit discloses that it defines a specific combination of a rear view mirror positioned within the confines of a windshield, in which there is an opening, and the method of attaching means for associating the mirror with such support.

[1, 2] The elements used by the plaintiff for this purpose are not novel, and are disclosed by various patents in evidence. The plaintiff has merely brought together a number of elements well known to the art, for the purpose of supporting an object for pivotal movement. I cannot find that there is any invention disclosed. A mere aggregation of old elements, performing no new function, does not rise to the dignity of invention. Certainly the location of the rear view mirror, held by an old attachment to the wind deflector, as distinguished from any other convenient portion of an automobile, does not rise to the dignity of invention.

I am of the opinion that the patent is invalid. Decree will be for the defendant.