## ROUSSO v. NEW IDEAL LAUNDRY CO.

(District Court, W. D. Missouri, W. D. December 8, 1925.)

No. 365.

1. **Patents ☞328—Reissue, 15,147, held valid and infringed.**

Brigham reissue patent, No. 15,147, claims 11, 12, 13, and 14, for an improvement in towel racks, *held* valid and infringed.

2. **Patents ☞141—Reissue patent may repeat claim of original and add claims referring *to* same invention, but merely broader.**

Reissue patent may repeat claim in original patent, and add thereto claims referring to same invention, which are merely broader than original claim.

3. **Patents ☞144—Action of commissioner in reissuing patent is presumptively correct.**

Action of commissioner in reissuing patent is presumptively correct.

4. **Patents ☞81—Defense of prior use not sustained by evidence creating impression of uncertainty and doubt.**

In suit for infringement, where evidence of prior use creates an impression of uncertainty and doubt, and use, if any, was casual and abandoned, defense of prior use is not sustained.

5. **Patents ☞81—Proof must show prior invention or use beyond reasonable doubt to invalidate patent.**

Proof necessary to invalidate a patent because of prior invention or use must show such invention or use beyond a reasonable doubt.

In Equity. Patent infringement suit by Jacques Rousso against the New Ideal Laundry Company. Decree for plaintiff.

Joshua R. H. Potts, of Chicago, Ill., and George Y. Thorpe, of Kansas City, Mo., for plaintiff.

Alfred M. Allen, of Cincinnati, Ohio, for defendant.

REEVES, District Judge. This is a proceeding in equity for an alleged infringement of United States reissued letters patent granted Edwin T. Brigham on July 12, 1921. Its number is 15,147, and is for an improvement in towel racks. The original patent was numbered 1,371,295, and was granted March 15, 1921. The application for the original patent was filed January 4, 1912. The application for reissue was filed March 17, 1921, two days after the original patent was issued to Brigham.

Claim 11 of the original patent was embodied or repeated in the reissued patent and is as follows:

"11. A towel retainer comprising a support; brackets carried by said support; a rod having one horizontal and one substan-tially vertical portion; means to lock the ends of the rod in the respective brackets; *and means to loosely retain towels upon the horizontal portion of the rod, substantially as described.*"

The reissue patent contained, in addition to the above, claims numbered 12, 13, and 14, each tending to give in fuller detail the meaning of the words "and means to loosely retain towels upon the horizontal portion of the rod, substantially as described," in claim 11. The language of the other mentioned claims in this respect was as follows:

"12. * * * And means located adjacent the outer end of said horizontally extending portion and arranged and adapted to impede, but not prevent, the passage of a towel therefrom, substantially as described.

"13. * * * And means located adjacent the outer end of said rod and arranged and adapted to impede, but not prevent, the passage of a towel therefrom, substantially as described.

"14. * * * And means located adjacent the outer end of said horizontally extending portion and arranged and adapted to impede, but not prevent, the passage of a towel therefrom, substantially as described."

The drawings accompanying both the original patent and the reissued patent were identical. These drawings illustrate a bent rod mounted upon a wall board. It extends first outwardly and horizontally from said wall board, then up, over, and down in gooseneck form, and then rearwardly to the wall board. The object of the device is to hold clean towels on the horizontal portion of the rod and then by an impedient to prevent or discourage the use of more than one towel at a time by a single user, and, moreover, to prevent, by reason of the attached or locked ends of the rod, theft of the towels.

The alleged infringing patent is referred to as Fetherolf patent, No. 1,536,707, granted May 5, 1925. In the latter patent, the construction consists of a tube extending outwardly from a wall bracket with a chain through said tube hanging downwardly from the end thereof; the lower end of the chain being attached to the wall bracket to secure towels suspended on the tube from theft. There is in like manner an impedient at the outer end of the tube. Such impedient consists of a bent wire extending outwardly from the wall bracket and so arranged as to straddle the outer end of the horizontal tube, upon which clean towels are suspended. The purpose of the impedance is to prevent or discourage the use of more than one clean towel at a time by a single user.

The plaintiff herein claims right and title to the Brigham patent by assignment. The defenses urged are (a) that Brigham has heretofore conceded priority in his construction; (b) that the reissued patent differs from the original; (c) that, even if similar, the reissue was not justified; (d) that the claims covered in both the original and reissued patent are met in the prior art, and are in consequence invalid and void; and (e) that the Fetherolf patent is later, and therefore of probative force that there is no infringement.

[1] 1. It does not appear from the evidence that Brigham, the inventor, had previously conceded priority in his construction. Devices of a kindred nature, previously used, involved a cabinet or a shelf upon which clean towels were laid. Such clean towels were then lifted by various means from the shelf for use. No previous claim disclosed the construction asserted by Brigham; that is a horizontal bar upon which the towels were supported by having such bar pass through grommets or eyelets in the towels. This was novel and patentable, and apparently recognized by Fetherolf, who secured a patent somewhat in variation from the foregoing, which gave rise to this litigation.

[2] 2. It is argued that the reissued patent differs from the original invention. An examination of the claims in the two patents discloses that this contention is not justified. The original patent in claim 11 used the language, "and means to loosely retain towels upon the horizontal portion of the rod." The reissued patent repeated claim 11, and added thereto claims 12, 13, and 14, hereinbefore mentioned. The drawings were identical in each, and the added claims refer to the same invention, but were merely broader than the original claim. This is allowable. Fay v. Mason et al. (C. C.) 120 F. 506, loc. cit. 510; Crown Cork & Seal Co. v. Aluminum Stopper Co., 108 F. 845, loc. cit. 858, 48 C. C. A. 72; Keller v. Adams-Campbell Co., 264 U. S. 314, loc. cit. 317, 44 S. Ct. 356, 68 L. Ed. 705.

[3] 3. One of the defenses urged is that, conceding the same invention, yet there was not such an inadvertence, accident, or mistake as to justify the reissue. The original patent bore date of March 15, 1921. The application for reissue was filed two days thereafter, to wit, March 17, 1921. There was no testimony in the trial of the case to negative the recitals of inadvertence, accident, or mistake in the affidavit submitted by the inventor for the reissue. Moreover, the action of the Commissioner in reissuing the patent is presumptively correct. Coffield & Son v. Spears & Riddle (C. C.) 169 F. 641, loc. cit. 646.

4. Question is raised on the record as to whether the invention of Brigham was governed by the same principle as in former inventions or prior use. As heretofore stated the invention here was novel and patentable. It was so considered by Fetherolf, whose later patent is here in infringement. Undoubtedly, the change in construction produced a definite and beneficial result. Zinsser v. Kremer (C. C.) 39 F. 111, loc. cit. 114.

[4] There was much testimony regarding the use of a similar device by Fetherolf long before the application of Brigham, filed January 4, 1912. A careful reading of all this testimony creates an impression of uncertainty and doubt as to what was done by Fetherolf. The design was not promoted and society was not given the benefit of the improvement. The use of such device, if any, was casual and abandoned. The Brigham patent cannot be invalidated by such proof. Kendall et al. v. Winsor, 21 How. (62 U. S.) 322, loc. cit. 328, 16 L. Ed. 165; Mason v. Hepburn, 13 App. D. C. 86, loc. cit. 95; Brown v. Campbell, 41 App. D. C. 499, loc. cit. 501, 502; Boyce et al. v. Pyrene Mfg. Co. (D. C.) 290 F. 998, loc. cit. 1002, 1003.

[5] Furthermore, the proof necessary to invalidate a patent because of prior invention or use must show such invention or use beyond a reasonable doubt. In this case, the proof is not clear, and, as stated, it leaves an impression of doubt and uncertainty.

5. It is only necessary to analyze the two constructions to observe that the Fetherolf invention is clearly an infringement of the Brigham patent. The Fetherolf invention does not substantially differ in principle or construction from the Brigham device. The testimony sustains the complaint, and accordingly plaintiff will be granted relief as prayed.

Exceptions allowed to defendant.