### MARCUS v. SUTTON.

(Circuit Court, E. D. New York. May 22, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—MEASURE OF PROOF.

In a suit against the vendor of an article for infringement, the evidence should be convincing.

2. SAME—INFRINGEMENT—STAIR PAD.

The Marcus & Collins patent, No. 541,244, for a stair pad, *held* valid, but the evidence *held* insufficient to show that articles sold, but not manufactured, by defendant were infringements.

In Equity. Suit for infringement of letters patent No. 541,244, for a stair pad, granted to Martin H. Marcus and Walter O. Collins, June 18, 1895. On final hearing.

Amos H. Stephens (Henry Melville, of counsel), for complainant.
Dickerson, Brown, Raegener & Binney (S. L. Moody, of counsel), for defendant.

THOMAS, District Judge. The patent in suit makes an advance in a very simple art. Although the improvement may appear almost trifling, it has proved of genuine value, and has been adopted broadly in the trade. Brunswick-Balke-Collender Company v. Thum, 111 Fed. 904, 50 C. C. A. 61, is authority for sustaining a patent similar in its simplicity and commercial success, although the patent in suit has to a much less degree monopolized the market. It is concluded not only that the patent is valid, but also that the manufacturer, the Lewis Batting Company, at one time infringed it. Such infringement is inferable from the evidence of the complainant respecting his visit to the factory of the Lewis Batting Company, in August, 1901. But it also appears by the complainant's evidence that the defendant did not begin to handle the pads of the Lewis Batting Company until

January, 1902, and there is no sufficient evidence showing that the defendant was a vendor of the pads made at the time of the complainant's visit.   In a suit against a vendor of an article for wrongdoing, the evidence should be convincing.   The defendant gives evidence tending to show that the Lewis Batting Company does not insert the filling in the completed bag, but through the open ends.   A pad so constructed would not be within the complainant's patent, and so it was admitted upon the argument.   Gunz, a witness for defendant, states that he visited the factory of the Lewis Batting Company, with every facility for learning how its pad was made, and he differentiates the process from that stated by the complainant, and confirms the contention that the filling is inserted at the ends.   This evidence is quite as strong in favor of the defendant as is the evidence of the complainant adverse to him, and with the burden of proof resting upon the complainant it must be concluded that the infringement is not proven as regards the pads sold by the defendant.