CHARLES HUNNICUTT CO. v. A. B. GASTON CO. et al.

(Circuit Court of Appeals, Third Circuit. November 30, 1914.)

No. 1842.

1. Patents (§ 328*)—Validity—Seed Corn Grader.
The Hunnicutt patent, No. 989,976, for a seed corn grader, *held* void for prior use.

2. Patents (§ 81*)—Suit for Infringement—Defense of Prior Use—Evidence. to Overcome.
Where the manufacture and use of an anticipating device prior to the issuance of a patent is clearly established in an infringement suit, the burden rests upon complainant to carry back the date of invention to a time prior to such use by strong and convincing evidence, and the unsupported testimony of the patentee is not sufficient.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 104; Dec. Dig. § 81.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania; James S. Young, Judge.

Suit in equity by the Charles Hunnicutt Company against the A. B. Gaston Company, a partnership, and the A. B. Gaston Company, a corporation. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 207 Fed. 585.

H. A. Toulmin, of Dayton, Ohio, for appellant.
H. C. Lord, of Erie, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, Circuit Judge. [1] The opinion of the District Court in this case was delivered by the late Judge Young, and is reported in 207 Fed. at page 585. We agree with his satisfactory treatment of the questions discussed, and shall only add a few words in reference to the unpatented Kretchmer device.

[2] The patent in suit—for "a portable and manually operable corn-grading device for grading seed corn"—was applied for by Charles Hunnicutt on April 20, 1908, and of course, this is the prima facie date of the invention. A previous manufacture and public use by Kretchmer having been set up as a defense, the Gaston Company was bound to fix the earlier date by evidence that should convince the mind beyond reasonable doubt. Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017. After reading and considering the record on this subject, we are of opinion that the burden thus imposed was successfully maintained, and that one date for such use has been certainly fixed in November, 1907—this, indeed, is not denied—and another date has been fixed in February or March, 1906, with a sufficient degree of probability. If for the moment we disregard the date in 1906, the date in 1907 is also earlier than the application, and shifts the burden of proof to Hunnicutt, requiring him to carry back his invention to a time before these November sales. And the evidence to overcome the Kretchmer date in November must at least be strong and convincing. Some cases hold that its quality must be as high as the quality required to establish an anticipating use; but, whichever degree of proof may be required, the patentee does not satisfy it by his own unsupported testimony. Clark Thread Co. v. Willimantic Co., 140 U. S. 492, 11 Sup. Ct. 846, 35 L. Ed. 521; Columbus Chain Co. v. Standard Chain Co., 148 Fed. 622, 78 C. C. A. 394; Eck v. Kutz (C. C.) 132 Fed. 763; Fay v. Mason (C. C.) 120 Fed. 511.

We think nothing else of any substance was offered here. The letters from the Pioneer Implement Company that are relied on to carry the patentee's date to the fall of 1906 or to the summer of 1907 are ambiguous in their references; but, even if they plainly referred to the double grader now in question, the patentee would still be confronted with the testimony concerning the public use in February or March of 1906. This testimony satisfied Judge Young, and we see no reason to disagree with his conclusion on that subject.

The decree is affirmed.