## TODD PROTECTOGRAPH CO. v. NEW ERA MFG. CO.

(District Court, E. D. Pennsylvania. November 2, 1916.)

No. 1567.

1. PATENTS ☞297(2)—INFRINGEMENT—DECISION AS TO VALIDITY.

Rights granted by letters patent, whose validity has been adjudged by the courts, should thereafter be recognized and enforced, in so far as the legality of the patent is established, under the general doctrine of stare decisis, which is peculiarly applicable to patent cases; and the question of the legality of the patent should not be brought in issue in a subsequent proceeding, so as to in that manner obtain a review of an earlier decision.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 482; Dec. Dig. ☞297(2).]

2. PATENTS ☞289—INFRINGEMENT—RECOVERY—LACHES.

Though defendant's counsel advised him that complainant patentee had no rights, and defendant began to infringe on a large scale, defendant cannot defeat an injunction of the infringement on the ground of the patentee's laches, where the patentee did no act to entice defendant into the position of a trespasser.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 467–469; Dec. Dig. ☞289.]

3. PATENTS ☞156—DISCLAIMER—NECESSITY.

Under Rev. St. § 4917 (Comp. St. 1913, § 9462), relating to disclaimers, a patentee cannot assert any rights under a patent until a disclaimer for an invalid claim is filed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 228; Dec. Dig. ☞156.]

4. PATENTS ☞156—PROCEEDINGS—VALIDITY—INFRINGEMENT.

In a previous suit involving the validity of a patent, it was not necessary to pass on a particular claim. The bill as to such claim was dismissed. Held that, in a subsequent infringement suit, where such claim was not involved, relief will not be denied until a disclaimer under such claim is filed, for a patentee is not required to file a disclaimer until there is a final ruling as to the invalidity of the particular claims.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 228; Dec. Dig. ☞156.]

5. PATENTS ☞312(1)—INFRINGEMENT—BURDEN OF PROOF.

Because a patent had before been infringed raises no inference that defendant was guilty of infringement, and the patentee has the burden of establishing the infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 544, 545; Dec. Dig. ☞312(1).]

6. PLEADING ☞93(1)—DEFENSES—INCONSISTENT DEFENSE.

A pleader is bound at his peril to put in issue all of his defenses, and it is not essential that each defense be consistent with the other.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 189; Dec. Dig. ☞93(1).]

7. PATENTS ☞304—INFRINGEMENT—INJUNCTION.

Where a patent, the validity of which has been established, is shown to be infringed, the infringement will be temporarily enjoined, with leave to defendant to obtain a stay upon filing a bond for appeal.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ☞304.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Todd Protectograph Company against the New Era Manufacturing Company. Sur motion for preliminary injunction. Motion granted.

Church & Rich, of Rochester, N. Y., and Cyrus N. Anderson, of Philadelphia, Pa., for plaintiff.
Joseph C. Fraley, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This case and applied rulings may be thus formulated:

[1] Rights granted by letters patent, whose validity has been adjudged by the courts, should thereafter be recognized and enforced within the limitations of the necessary exceptions. There are no facts in this case which, on a motion for preliminary injunction, exclude this defendant from the operation of the general rule. The plaintiff was granted through the Patent Office the rights given by law to advance the policy of promoting invention by the stimulation of self-interest. The rights thus given were adjudged valid by the courts through the decree of the Circuit Court of Appeals (Whitaker v. Todd, 232 Fed. 714), and the claims now in issue sustained. As has often before been observed, a right of property is no right, unless the law by which it was conferred and recognized will sustain the owner in the assertion of it. On the face of this record, the plaintiff has not only a prima facie right to the remedy he invokes, but one which makes a strong appeal for its enforcement. The defendant, therefore, is properly called upon to supply the reason for its denial.

No one, of course, would be heard to assert that the determination of one case under its facts precludes another defendant from asserting his rights under a different state of facts. When, however, we are outside the domain of facts, and the law of a case has been once determined and settled, that law is no law unless it is of universal application, and the principles of its application are thereafter followed in all cases. The general doctrine of stare decisis is applicable in a peculiar sense to patent cases in which the validity of a patent, which has been once adjudged, is brought again in question. To gain an appellate effect by the bringing of a second action in the mere guise of a new action through the simple expedient of introducing a second infringer is an effort which ought not to be countenanced. This is so obvious that the principle is self-supporting, and is, of course, frankly accepted by counsel for defendant.

[2] The defense now urged is put upon grounds which will be considered in a different order and in a somewhat different form of statement from that in which they are discussed by counsel. One is what, for terseness of statement, may be presented as the defense of laches. It is asserted that the plaintiff, with full knowledge of defendant's infringement, has permitted it to assume such proportions that it would be inequitable now to stop it, because of the great loss which would be thereby entailed upon defendant. This may be answered by the observation that, if a patentee whose rights have been found is afforded no protection until the end of long and costly litigation and successive proceedings, all practical relief is

denied him. He cannot secure earlier relief until he has been through one such experience. If by any act of his an innocent defendant were enticed into the position of a trespasser, the aid of a chancellor might be refused to such a plaintiff. The mere size of the wrong done would not seem to justify its continuance. The fact that the wrongdoer was advised by his counsel that the patentee had no rights would not excuse the trespass. This defendant stands or falls by whether or not it is an infringer. The consequences of this it assumed and must accept.

[3, 4] Another defense is that based upon section 4917 of the Revised Statutes. If claim 5 of the patent were in issue here, the failure of the plaintiff to have secured an adjudication of its validity would be an answer to a motion for a preliminary injunction based upon the claim of right which was in turn based upon this claim of the patent. There was no adjudication of the invalidity of this claim. Such a finding was expressly refused. Counsel for plaintiff were willing to accept the consequences of the legal effect of a simple dismissal of their bill as to this claim, and it did not appear that defendant was entitled to a decree which went further.

The clearness and force with which this defense is presented calls for a word more. If claim 5 is invalid, it must be disclaimed, or the rights conferred by the letters patent are annulled. If invalid, no rights can be asserted until the disclaimer is made. If in the case of Whitaker v. Todd the invalidity of claim 5 was determined, plaintiff could not be permitted to rely upon the ruling of that case in part, and reject it in part. A patentee is not, however, obliged to accept any ruling not a final one of invalidity, and is not required to disclaim until there is such a finding. The decree in Whitaker v. Todd was supported by the finding of the validity of claims 1 and 3. It was not necessary to pass upon 5 or 8. Technically there was no finding as to claim 5, except in the dismissal of the bill. This did not necessarily involve a finding of invalidity. There was, therefore, no legal consequence, except the dismissal of that bill, and no legal necessity for plaintiff to appeal, as long as the findings on claims 1 and 3 would support the decree made. If the present bill was based upon claim 5, there would be no adjudication to support the motion for an injunction. As it is, that claim is not involved, and we do not know, except as a matter of opinion, whether it is valid or not.

[5-7] This brings us to another ground of defense, which may be expressed as a denial of infringement. There the plaintiff is on new ground. There no inference arises that the present defendant has infringed because it has been found that another defendant had so infringed. The infringement now asserted must be now shown. The plaintiff has submitted evidence of the fact. In passing upon the proofs, the inconsistency between this defense and the defense of laches may be more apparent than real. The failure of the owner of a patented device to warn the user of another device may be due to a sluggish assertion of his rights, or may be due to his knowledge that there has been no infringement in fact. More than this,

consistency is not one of the crown jewels of a pleader. He is bound at his peril to put in issue all his defenses. Where he introduces several, he is not held to make each consistent with every other one.

The question with which we are concerned is the narrow one of whether infringement so far appears as to justify the court in stopping the defendant pendente lite. The pinch of the argument (which from the deserved high reputation of counsel may be assumed to present the real pinch of the case) seems to come on the method of securing registration. The essential of such registration is one at the time of contact. In the Todd machine this was assured by keeping the parts in fitting position each with the other throughout the operation. In the Whitaker machine this idea of being always in the desired mating position was departed from, and the expedient resorted to of bringing the parts into proper position at the important moment through the operation of a cam.

We are not now required to find what the construction of the machine of the present defendant is; but it is sufficient for present purposes to find, as we do, that such infringement appears from the proofs as now submitted as to justify protecting the plaintiff until the facts may be fully developed and found. This brings us to the practical question of how this protection may be afforded. It may be done through an injunction. Some measure of it, at least, may be afforded by refusing or vacating the injunction upon defendant filing a counter bond. The latter may prove to be practically inadequate, and the result is best reached by allowing the writ upon bond being filed, with the allowance of a stay if an appeal is taken upon bond in like amount being entered for a supersedeas. Bond to be in $5,000.