## ADAMSON v. GILLILAND.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 396. Submitted November 13, 1916.—Decided January 8, 1917.

Upon considering the evidence the court finds grave reasons for agreeing with the District Judge that the respondent copied the petitioner's patented invention.

The rule which gives conclusive effect to a finding made by a judge who saw the witnesses, when there is testimony consistent with it and the finding depends on conflicting testimony or the credibility of witnesses, is peculiarly applicable in a case wherein a patent is assailed by oral evidence of an alleged unpatented anticipation.

One who opposes a patent by oral evidence of a prior discovery, must prove his case beyond a reasonable doubt. *The Barbed Wire Patent*, 143 U. S. 275, 284.

227 Fed. Rep. 93, reversed.

THE case is stated in the opinion.

*Mr. Percy B. Hills* and *Mr. Douglas W. Robert* for petitioner.

*Mr. James A. Carr* and *Mr. T. Percy Carr* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the petitioner for the infringement of a patent for a vulcanizing device, "including a vulcanizing member constructed to retain a combustible fluid upon and in contact with its upper surface, the lower surface of the vulcanizing member being adapted to be applied to the material to be vulcanized." In other words, the upper side of the upper of two sheets of metal, between

which, when heated, the material is to be vulcanized, is fashioned as a cup in which gasoline can be burned to heat it. The specific character of the machine has made of it a valuable success. The respondent admitted making and selling devices like the plaintiff's but alleged and testified that he made them first. In a previous suit by the plaintiff the plaintiff and the present defendant testified and District Judge Geiger gave the plaintiff a decree. In this case again the District Judge in his turn saw the defendant and heard additional evidence, but after criticising it said that his own judgment was that the new testimony would not have changed Judge Geiger's opinion, and while professing to follow that opinion according to the usage of District Judges in such matters, evidently, to our mind, signified that he agreed with Judge Geiger, although in terms only following what had been done. The Circuit Court of Appeals treated the action of the District Judge as a mere yielding to the authority of the former decision and reversed the decree upon the evidence as it stood in print.

We are unable to agree with the Circuit Court of Appeals. There is no question that the plaintiff did not copy the defendant, that he put his invention into the market in November, 1911, and that the defendant did not put out his vulcanizer until February or March of the following year; but the defendant says that on August 7, 1911, twelve days before the plaintiff made the drawing that depicted his invention, he had had castings made that are substantially identical with the plaintiff's device and identical in particulars that the plaintiff's patent made material, but that the defendant declared to answer no useful end. The plaintiff's cup had pins projecting from the bottom arranged in circles around a central one, which his specification described as serving to conduct the heat of the flame downwards into the vulcanizing plate and the combustible fluid. The defendant's original casting

showed pins of similar arrangement. He explained that
the similarity was accidental, that the pins were of no use,
but that "we expected to tell the poor, unsuspecting pub-
lic that they conducted the heat to . . . the bottom
of the vulcanizer," "which is a false statement." It needs
no emphasis to point out the improbability that the de-
fendant at nearly the same time as the plaintiff should'
have hit by accident upon the same configuration in strik-
ing particulars that he regarded as immaterial, and, merely
to deceive the public, have invented the same by no means
obvious explanation that was offered seriously by the
plaintiff but that the defendant regarded as false. The
improbability is intensified by a further coincidence also
explained by the defendant as accident. The lugs by
which the cup was to be fastened to the lower surface
happened to face in opposite directions in the plaintiff's
device, although later they were made to face the same
way. The defendant's also faced in opposite directions.
It surpasses the power of belief that a man who testified
that there was nothing in the invention, that it was merely
arranging to fasten a ladle to a board, should have come
by pure chance to make so exact a replica of the plaintiff's
specific form. Inspection of the two castings shows more
clearly than can words that one must have been a copy
of the other. The plaintiff and defendant lived far apart.
Adamson had no chance to copy Gilliland. On the other
hand after Adamson's vulcanizers were made public Gilli-
land could copy them. The man who made the castings
shows that the resemblance was even more complete than
we have stated by reason of the presence of a base plate,
although Gilliland denies that he had one at that time.

There is no doubt that the defendant had castings made.
The essential question is the time when they first were
made. We shall not discuss the evidence of those con-
cerned in the making beyond recurring to the impression
that the witnesses made upon the District Judge and

mentioning that a dray ticket relied upon as fixing that date appears to have been open to grave suspicion from its character, marking and other details. Considering that a patent has been granted to the plaintiff the case is pre-eminently one for the application of the practical rule that so far as the finding of the master or judge who saw the witnesses "depends upon conflicting testimony, or upon the credibility of witnesses, or so far as there is any testimony consistent with the finding, it must be treated as unassailable." *Davis* v. *Schwartz,* 155 U. S. 631, 636. The reasons for requiring the defendant to prove his case beyond a reasonable doubt are stated in the case of *The Barbed Wire Patent,* 143 U. S. 275, 284. Upon these considerations and a review of the evidence we are of opinion that the decree must be reversed.

*Decree reversed.*