## GENERAL INSULATING MFG. CO. v. UNION FIBRE CO.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1919.)

### No. 2673.

1. PATENTS ⬦328—FOR PROCESS FOR MAKING MINERAL WOOL VALID AND INFRINGED.

   The Parkison patent, No. 945,583, for process of making mineral wool, *held* not shown to be invalid for prior public use, and *held* valid and infringed.

2. PATENTS ⬦81—PRIOR PUBLIC USE.

   Proof of prior public use of a patented article or process, to defeat the patent, must be such as to leave no doubt of the prior public use more than two years before application for the patent, and in general oral testimony as to date of such prior use should find corroboration in evidence of contemporaneous records, or memoranda, or physical exhibits.

Appeal from the District Court of the United States for the District of Indiana.

Suit by the Union Fibre Company against the General Insulating Manufacturing Company. Decree for complainant, and defendant appeals. Affirmed.

Robert H. Parkinson, of Chicago, Ill., and Howard G. Cook, of St. Louis, Mo., for appellant.

John E. Stryker, of St. Paul, Minn., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. [1] The controlling proposition involved in this appeal is the alleged prior public use of the process for manufacturing mineral wool, wherefor United States patent No. 945,-583, to Parkison, was granted in 1910. The novelty of the patent consists in dropping or otherwise applying oil upon a stream of molten slag or scoria as it pours from the cupola in which it is melted, and is driven by a strong blast of air or steam into and through a nearby blow tube and into a chamber, whereby the finely divided filaments become coated with the vaporized oil, or the oily smoke created by combustion of the oil on its striking the highly heated stream, and thus rendering the filaments less brittle, and making the product waterproof. The application was filed in November, 1908, and the evidence of the prior use was by four witnesses, former employés in the factory of which patentee Parkison was in charge, who testified with more or less positiveness (though with some contradiction as to some details) to such use of oil for this purpose in that factory. beginning some time in 1905 and continuously thereafter. The testimony of the witnesses was given in open court in 1918, and was wholly from memory, without contemporaneous entries or memoranda or correlated facts of definite date to better fix the time on which the successful use of the process commenced.

[2] It is held that proof of the prior public use of a patented article or process sufficient to defeat the patent must be such as to leave no reasonable doubt of the prior public use more than two years before making the application for the patent. Deering v. Winona Harvester Works, 155 U. S. 286, 15 Sup. Ct. 118, 39 L. Ed. 153; Mueller Mfg. Co. v. Glauber, 184 Fed. 609, 106 C. C. A. 613 (7 C. C. A.); Interurban Ry. & T. Co. v. Westinghouse E. & Mfg. Co., 186 Fed. 166, 108 C. C. A. 298. These and other cases recognize, also, that in general the oral testimony of date of the prior use should find corroboration in evidence of contemporaneous records or memoranda, or physical exhibits before striking down a patent because of prior public use. Appellant urges in support of the contrary view opinions of this court in Clark El. Co. v. United States El. Tool Co., 245 Fed. 753, 158 C. C. A. 155, and Hobbs Patent Co. v. Atlas Specialty Co., 244 Fed. 176, 156 C. C. A. 604. In the first there were contemporaneous book entries which aided materially in fixing date of the alleged prior use, and in the other there were written records in support of the oral testimony. Besides, in these cases, the oral testimony was heard in open court, and the chancellor, with the witnesses before him, had the better opportunity of judging of their credibility and the weight to be attached to their testimony, and the reliability of their recollection, and the conclusion on appeal was in each case in accordance with the finding of the chancellor, who had this superior advantage in passing on the evidence. Such was also the case here, the evidence on prior public use having been adduced in open court, and we cannot say that the court erred in concluding that the evidence of these witnesses of the date of beginning of the alleged use, dependent solely on their recollection of things occurring far in the past, and without the corroboration of related facts of definite date, or of records or memoranda, was not sufficient to sustain the burden of proving beyond reasonable doubt this defense of prior public use.

The decree of the District Court is affirmed.