## SAMPSON v. SILVERMAN et al.

### (District Court, D. Rhode Island. July 22, 1921.)

### No. 135.

1. **Patents ☞283 (1)—Claim of inutility by infringer not favored.**
   The contention by an infringer that the device which he infringes constituted no advance in the art is not received with favor.

2. **Patents ☞328—55,488, for design for collar holder, valid and infringed.**
   The Sampson design patent, No. 55,488, for a design for collar holder, *held* valid and infringed.

In Equity. Suit by Samuel Sampson, doing business as the Hol-Tite Collar Company, against Charles Silverman and Archibald Silverman, doing business as Silverman Bros. Decree for complainant.

Roberts, Roberts & Cushman, of Boston, Mass., for plaintiff.
Horatio E. Bellows, of Providence, R. I., for defendants.

BROWN, District Judge (orally). The bill charges infringement of design patent No. 55,488, June 15, 1920, to Samuel Sampson, for collar holder.

The charge of infringement, and infringement after notice, is established. The defendants have stood upon their rights, and now insist upon their right to manufacture the alleged infringing article, and state that they are the owners of design patent No. 58,295, July 5, 1921, to Charles Silverman, for collar holder. They invoke the presumption of difference arising from a subsequently issued patent.

The essential feature of the design of the Sampson patent in suit is exhibited in Figure 1. Figure 2, which is an edge view of the entire structure, comprises on its upper portion features which relate wholly to mechanical functions; and the only part of Figure 2 which relates to design, properly speaking, is that which illustrates an edge view of what is shown in Figure 1.

United States patent No. 1,214,205, January 30, 1917, to J. A. Mariner, for collar holder, shows a device of the same class with a bowed front constituting the visible part of the collar holder. The ends, however, display a loop or backward fold of the material. It is urged that this patent is an anticipation of the design of the patent in suit.

A characteristic difference in the patent in suit is the upturned outer ends of a single thickness of material, and the absence of loops or folds, which are characteristic of the Mariner design and which are inherent in his mechanical construction. The design of the patent in

suit, therefore, is not to be regarded merely as a variation caused by up-- turning the ends of Mariner's bow-shaped front. The substitution of a single thickness of material with upwardly turned and more graceful ends requires more than a copying of Mariner. Although the patent in suit relates solely to matter of design, the mechanical differences from Mariner seem to afford an answer to the suggestion that a mere turning up of the ends of Mariner's design would be obvious and easily accomplished. A different mechanical construction was necessary in order to develop the design of the patent in suit.

In dealing with patents for design we must bear in mind that simplicity of line is often more desirable than ornate treatment, and that the evidence afforded by public acceptance of a design is entitled to special weight. Those who manufacture articles of ornament appealing to the public, and who adduce evidence showing a high degree of public satisfaction with the design, and who also adduce evidence from other manufacturers of their acceptance of the design and their application for licenses to manufacture, may invoke the doctrine that the presumption of validity is to have weight with a court, especially against an infringer, who, by copying the design, had added his own evidence to its value and utility.

[1] The contention by an infringer that the device which he infringes constituted no advance in the art is not received with favor. Lehnbeuter v. Holthaus, 105 U. S. 94, 96, 97, 26 L. Ed. 939 (a design patent); Westinghouse Co. v. Wagner Mfg. Co., 225 U. S. 604, 616, 32 Sup. Ct. 691, 56 L. Ed. 1222, 41 L. R. A. (N. S.) 653; Aurora Mantle & Lamp Co. v. Kaufmann, 243 Fed. 911, 914, 156 C. C. A. 423.

In Westinghouse Co. v. Wagner Co., 225 U. S. 604, 616, 32 Sup. Ct. 691, 695 (56 L. Ed. 1222, 41 L. R. A. [N. S.] 653), it is stated:

"The patent was itself evidence of the utility of claim 4, and the defendant was estopped from denying that it was of value."

[2] While on first inspection it may appear that the design could easily have been produced, yet in view of the evidence as to its development, the acceptance of it by the trade, and of the thought required to apply the design to a different mechanism, so as to obviate less graceful, or perhaps objectionable, features of prior structures, the court should not give undue weight to any superficial impression made upon it by the simplicity of the design, and should dispose of the case with due regard to the knowledge and experience of those engaged in a business in which designs of simple character are often of great commercial importance.

I am of the opinion that the patent in suit is valid, that the defendants infringe, and that the plaintiff is entitled to an injunction.

A draft decree may be presented accordingly.