## COLE v. COLE.

(Court of Appeals of District of Columbia. Submitted January 4, 1923. Decided February 5, 1923.)

No. 3850.

**Divorce ⬤=184(10)—Findings of trial Judge on credibility of conflicting oral testimony not disturbed, unless palpably wrong.**

A finding that the complainant husband was also guilty of adultery, and not entitled to divorce, which was based on oral testimony sharply conflicting, so that the trial judge had a better opportunity of determining the credibility of the witnesses on which the issue depended than the appellate court, which could not see or hear them or observe their demeanor on the stand, will not be disturbed, unless palpably wrong.

Appeal from the Supreme Court of the District of Columbia.

Suit by G. R. Lee Cole against Minnie B. Cole for divorce. From a decree dismissing the bill, because complainant was also guilty of adultery, complainant appeals. Affirmed.

See, also, 49 App. D. C. 237, 263 Fed. 633.

Crandal Mackey, of Washington, D. C., for appellant.

R. H. McNeill, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. G. R. Lee Cole, appellant, as plaintiff, filed his bill asking for a divorce from Minnie B. Cole, the appellee, on the ground of adultery. She filed an answer and cross-bill, in which she denied the allegations of the bill, and charged her husband with adultery with a person named. The court found upon the evidence submitted that both parties were guilty of adultery, and dismissed the bill and cross-bill. The husband appealed. The wife did not. This court reversed the decree as to the husband on the ground that testimony of physicians offered by him should have been received. A new trial took place before another justice, who received the testimony of the physicians referred to in conjunction with other testimony, found that the husband was guilty of adultery with the person named as corespondent in the first decree, and dismissed plaintiff's bill.

With the exception of the testimony of the physicians just mentioned, which was in favor of the husband, the testimony was substantially the same at both trials. Two justices, acting independently of each other, found against the husband. The testimony was in sharp conflict. The triers of fact saw the witnesses, heard them testify, and observed their demeanor on the witness stand. We are denied this advantage, and hence are not in as good a position as they were to pass upon the credibility of the testimony. It is the settled rule that where such is the case the finding of the lower court will not be disturbed, unless it is palpably wrong.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Davis v. Schwartz, 155 U. S. 631, 636, 15 Sup. Ct. 237, 39 L. Ed. 289, the case was referred to a master to report the facts of the case and his conclusions of law thereon. He did so. The Supreme Court, speaking of his report, said that, in so far as it involved questions of fact, it was attended by a presumption of correctness similar to that in the case of a finding by a referee, the special verdict of a jury, the findings of a Circuit Court in a case tried by the court under Revised Statutes, § 649 (Comp. St. § 1587), or in an admiralty cause appealed to the Supreme Court. In neither of these cases, said the court, is the finding absolutely conclusive, as if there be no testimony tending to support it; but so far as it depends upon conflicting testimony, or upon the credibility of witnesses, or so far as there is any testimony consistent with the finding, it must be treated as unassailable. See, also, Adamson v. Gilliland, 242 U. S. 350, 37 Sup. Ct. 169, 61 L. Ed. 356, and Snow v. Snow, 50 App. D. C. 242, 244, 270 Fed. 364, and decisions cited in the latter case.

It was for the trial justice to decide whether he would believe the testimony adduced by the plaintiff or that adduced by the defendant. He accepted the latter as true. There is in it quite enough to sustain his conclusion that the plaintiff was guilty of adultery as charged in the cross-bill. We have studied the testimony carefully, but do not review it here, because to do so would be profitless.

The decree is affirmed, with costs.

Affirmed.