### ROUSSO v. BOYLE et al.

(District Court, D. Minnesota, Fifth Division. September 3, 1924.)

No. 80.

1. **Patents ⬳62—Oral proof of prior use must be beyond reasonable doubt.**

When oral evidence only is relied on to prove prior invention and use to defeat a patent, such evidence must be clear, satisfactory, and beyond a reasonable doubt.

2. **Patents ⬳328—1,157,046, for towel cabinet, held valid and infringed.**

The Rousso patent, No. 1,157,046, for towel cabinet, *held* valid as against the defense of prior invention and use; also *held* infringed.

3. **Patents ⬳328—Rousso design patent No. 42,398, for design for towel cabinet, held valid and infringed.**

The Rousso design patent, No. 42,398, for design for towel cabinet, *held* valid and infringed.

In Equity. Suit by Jacques Rousso against R. B. Boyle, J. W. Robertson, and W. W. Burlingame, partners as The Duluth Linen Supply Company. Decree for complainant.

Joshua R. H. Potts, of Chicago, Ill., and Fryberger, Fulton, Hoshour & Ziesmer, of Duluth, Minn., for plaintiff.

Allen & Allen, Alfred M. Allen, and Marston Allen, all of Cincinnati, Ohio, and Abbott, MacPherran, Gilbert & Doan, of Duluth, Minn., for defendants.

CANT, District Judge. We are here concerned with two patents issued to the plaintiff, a mechanical patent and a design patent. Such patents are numbered, respectively, 1,157,046 and 42,398. Each having been regularly issued, each is prima facie valid. The defense has been carried on largely by and on behalf of one Stephen B. Fetherolf. Fetherolf is a manufacturer of devices and designs which plaintiff claims are infringements of his patents. Under a contract with Fetherolf, these devices and designs are being used by defendants.

As to the mechanical patent, the defense is that because of prior invention and use of a similar device by Fetherolf, it is invalid. If the patent is valid, the infringement is unquestioned. As to the design patent, the defenses are: (1) That because of lack of invention, it is invalid; and (2) that, if valid, it is not being infringed. As to the mechanical patent, the question here is largely one of fact; as to the design patent, the question is largely one of law. As to the latter patent, the facts are not in serious dispute. The two patents will be discussed separately in the order above mentioned.

[1] When oral evidence only is relied upon to prove prior invention and use, and thereby to defeat a patent, such evidence must be clear, satisfactory, and beyond a reasonable doubt. The Barbed Wire Patent, 143 U. S. 275, at page 284, 12 S. Ct. 443, 450, 36 L. Ed. 154; Deering v. Winona Harvester Works, 155 U. S. 286, at page 301, 15 S. Ct. 118, 39 L. Ed. 153; Adamson v. Gilliland, 242 U. S. 350, 36 S. Ct. 450, 61 L. Ed. 356. With a single exception, and that of a character not at all controlling, the evidence upon the question of prior invention and use was oral.

[2] The stories related by the witnesses present many infirmities. The witnesses speak with respect to times and incidents long past. Most of them have been in touch with Fetherolf, and in a vague way they know what he wants and what will further his interests. Generally speaking, they have been willing to go as far as they could along that line. We need not be surprised, and may well assume that there has been some zeal in this respect. Most of them have not been able to go very far. There is uncertainty and conflict as to dates. The uncertainty as to what was actually done by Fetherolf in the way of experimentation and use is no less. Fetherolf himself is apparently involved in various contradictions. On the whole, it is a rather hazy and to some extent confusing and jumbled story. It does not convince, and therefore falls short of what the law requires in such cases. In my opinion, it would not do to strike down an otherwise valid patent upon evidence of a character so unsatisfactory.

Counsel for defendants have properly emphasized the distinction which, in some authorities, has been made between an abandoned experiment and an abandoned invention. Whatever the stage which Fetherolf reached with reference to the development or use of the device, Exhibit A, upon which the defendants rely in this case, it was also primitive and so abortive that he certain-

ly and thoroughly abandoned the whole project. This abandonment was quite certainly without any clear appreciation on his part that his device, whatever it then was, was of any real use or value. With all due respect to the authorities referred to, there is no justification in this case for so straining the evidence as to exalt these efforts of Fetherolf to the dignity of an invention, when the probabilities are strong that they never passed the experimental stage. If they never passed that stage, there was no anticipation of plaintiff's mechanical patent, and it should stand.

[3] With respect to the design patent, there may be more reason for halting and for difference of opinion. The courts, however, are inclined to encourage the exercise of the inventive faculty along these lines. Dominick & Haff v. R. Wallace & Sons Mfg. Co., 209 F. 223, 126 C. C. A. 317. In disposing of such matters some satisfactory middle ground must be found, where those who create designs which are fairly within the statute shall be protected, while at the same time, the rest of mankind shall not be deprived of that which through inheritance and long use has become the common stock of all.

Cabinets of various designs have been in use for a long period of time. The Rousso mechanical patent, or other devices for the same purpose, might be operated in connection with any one of many different types or styles of cabinets. Rousso developed and perfected and used the type which is covered by his design patent. Prior thereto no other cabinet of a similar construction or character had been designed for such use. The Rousso design has certain special and dominant features which mark its particular use and its adaptability thereto. Among these are its size and proportions as exhibited in its general appearance —tall, narrow, compact; the towel shelf; the open receptacle below; the provision generally for placing the retaining and guiding rod in operative relation to the cabinet. The dominant features, in general, are determined by the use for which the cabinet is designed. Having in mind that use, the cabinet approves itself to the mind as appropriate thereto and its lines—its general appearance and effect—are pleasing to the eye, and have met with a generous measure of public favor.

It may be said that all this is very simple. This does not exclude invention, nor the patentability of the design. In this con-

nection all that can or need be said is that throughout a long line of decisions, beginning with Gorham v. White, 14 Wall. 511, 20 L. Ed. 731, design patents covering designs quite as simple as this have been upheld. The design here is broadly novel. The patent having issued, that novelty, as well as the utility and merit of the design as a whole, are presumed. If defendants or Fetherolf are infringing the patent, that indicates their own approval of the design, and under such circumstances they cannot urge that such design does not represent an advance in the art involved. Sampson v. Silverman (D. C.) 275 F. 123, at page 124, Lehnbeuter v. Holthaus, 105 U. S. 94, 26 L. Ed. 939.

If, under the law, it is possible to create a patentable cabinet design to be used in operative connection with the Rousso mechanical device, plaintiff has achieved that result. It should be held that the design patent is valid. If the design patent is valid, it is being infringed by defendants. The Fetherolf cabinet is within the broad lines of plaintiff's design patent. Such novelty as inheres in plaintiff's design has been appropriated by Fetherolf. The dominant features of the two cabinets are the same. There is substantial identity of appearance. The differences are with respect to matters of detail.

There should be a decree for the plaintiff.