## ROUSSO v. ELCO TOWEL CABINET CO., Inc.

District Court, S. D. New York. July 25, 1928.

Joshua R. H. Potts, of ·Chicago, Ill., for plaintiff.

Louis H. Solomon, of New York City, for defendant.

FRANK J. COLEMAN, District Judge. ▮ The patent in suit is on the design of a towel cabinet. It expired a few days after the action was commenced, and plaintiff does not now seek an injunction, but damages and an accounting of defendant's profits. Defendant denies the validity of the patent, denies the infringement, and sets up a defense of laches on plaintiff's part in the bringing of the action.

Plaintiff obtained, not only the design patent, but also a mechanical patent on the cabinet. In an action brought by this plaintiff in the district of Minnesota against other persons unconnected with this defendant, the District Court [Rousso v. Boyle, 2 F.(2d) 299] held that both patents were valid, and that those defendants had infringed them both. The defendants appealed only as to the design patent, and the Circuit Court of Appeals for the Eighth Circuit [Boyle v. Rousso, 16 F.(2d) 666] by a divided court affirmed the judgment, with Judge Sanborn writing the prevailing opinion.

In the present action there was no proof of the invalidity of the patent, and the reasoning of the District Court for the District of Minnesota and of the Circuit Court of Appeals for the Eighth Circuit as to the patentability of the design applies with equal force to this cause. There can be no question but that this court should follow the previous decision and hold the patent valid. ▮ As to the issue of infringement, the design used by this defendant is closer in similarity to the patented design than was that of the defendants in the other action. The principal difference between this defendant's design and the patented one is that in the former the mirror is placed on the front of the receptacle holding the clean towels, instead of above it. In the Minnesota case the defendants used no mirror whatever in some of the cabinets that were held infringements (see the dissenting opinion of Judge Scott), and substituted an open shelf in place of the closed receptacle for clean towels. The decision in the other case is, of course, not absolutely binding on this court; but a due regard for the orderly administration of justice requires that the decisions be made as consistent as possible. I find that this defendant's design was so similar as to be an infringement of the patent.

▮ As to the defense of laches, it appears that the defendant commenced selling the infringing cabinets in 1922, and that it was then known to the plaintiff, who made no objection, but did nothing to show acquiescence. In 1924 plaintiff wrote a letter, demanding that the infringement cease and that the defendant account for its profits. This action was not commenced until 1926, after the decision of the Circuit Court of Appeals for the Eighth Circuit in the other case. Plaintiff's explanation for the delay in making objection to the infringement was that it did not think it wise to do so until the other action had been decided in the District Court, which occurred shortly before the letter of objection was sent. · His explanation for failure to bring this action until two years later is that he wished to await the decision of the Circuit Court of Appeals. It does not appear that defendant was misled by the plaintiff, and I believe it extremely likely that, even before the letter of objection which was sent in 1924, defendant knew of the pendency of plaintiff's other action. Under all the circumstances, I do not think that plaintiff was guilty of laches.

Settle interlocutory decree on notice.