## NILSON et al. v. FORD MOTOR CO.

District Court, D. Minnesota, Third Division.
Aug. 5, 1929.

Bair & Freeman, of Des Moines, Iowa, for plaintiffs.

Leroy C. Shonts and Frank Parker Davis (of Rector, Hibben, Davis & Macaulay), of Chicago, Ill., and M. J. Doherty (of Doherty, Rumble, Bunn & Butler), of St. Paul, Minn., for defendant.

CANT, District Judge.

In this case, the plaintiffs on the one hand, and Mr. Henry Ford on the other, during the same period of time, were engaged in designing and perfecting wheels for use on tractors. So far as known, neither knew of the activities of the other. The wheels produced were substantially alike.

Plaintiffs claim conception and disclosure in June, 1915, production of wheels in February, 1916, drawings of the invention on April 1, 1916, and reduction to practice in July, 1916. They applied for patent on January 8, 1918. Patent was issued to them on January 21, 1919.

Defendant claims conception by Henry Ford in October or November, 1915, and the right to manufacture the wheels in question under authority from him. Plaintiffs admit such conception in November, 1915. Drawings of the Ford wheel were made about January 14, 1916. The original drawings were produced at the trial. Wheels in accordance therewith were made soon after and were promptly put into use. Later, certain changes were made in the spokes, and the wheels, as changed, were produced about the middle of February, 1916. These wheels were in practically continuous use thereafter. The dates and other claims of defendant are well fortified by documentary evidence.

To overcome the effect of the patent, the burden was on the defendant to prove anticipation thereof by Mr. Ford. Beyond question, this has been done. The Ford invention had been successfully reduced to practice months before plaintiffs had made their reduction to practice in July, 1916. Plaintiffs, however, assert that their invention dates back to a time before the invention of Mr. Ford and, therefore, that they anticipated him in respect thereto. This presents the real question in the case. It is a question of fact. The few rules of law nec-

essary to invoke are designed to aid in a right settlement of this question of fact. They are as follows:

■ 1. The burden is on the plaintiffs to prove their anticipation of the Ford invention by clear and convincing evidence. Hunnicutt Co. v. Gaston Co. (C. C. A.) 218 F. 176; Torrey et al. v. Hancock (C. C. A.) 184 F. 61, 67 (8th Circuit). New England Motor Co. v. B. F. Sturtevant Co. (C. C. A.) 150 F. 131, 137. Westinghouse Electric & Mfg. Co. v. Saranac Lake Electric Light Co. (C. C.) 108 F. 221; Michigan Central R. Co. v. Consolidated Car-Heating Co. (C. C. A.) 67 F. 121, 129.

The rule is that to establish the anticipation of a patent, the proof must be clear, convincing, and beyond a reasonable doubt. Adamson v. Gilliland, 242 U. S. 350, 37 S. Ct. 169, 61 L. Ed. 356; Deering v. Winona Harvester Works, 155 U. S. 286, 301, 15 S. Ct. 118, 39 L. Ed. 153; The Barbed Wire Patent, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154; National Hollow B. B. Co. v. Interchangeable B. B. Co. (C. C. A.) 106 F. 693, 703. This court has considered the same question in Rousso v. Boyle et al. (D. C.) 2 F.(2d) 299. This is often stated as the rule applicable where the evidence relied upon is oral. It is respectfully suggested that if this be the rule at all, it must be so whatever the character of the evidence. Whatever the classification of the evidence, it must carry with it the required degree of conviction to the judicial mind.

Where the question is that of anticipation of an anticipation, there is no legal presumption which operates with the same force as where the question is between a patent and the anticipation thereof, and it may be that in cases of an alleged anticipation of an anticipation, the rule requiring proof beyond a reasonable doubt does not apply. See, however, Columbus Chain Co. v. Standard Chain Co. (C. C. A.) 148 F. 622.

■ 2. In cases such as this, where witnesses are testifying to events long past, oral testimony unsupported by documentary or other physical evidence is open to grave suspicion for the reasons set forth in the following authorities: The Barbed Wire Patent, 143 U. S. 275, 284, 12 S. Ct. 443, 36 L. Ed. 154; Deering v. Winona Harvester Works, 155 U. S. 286, 300, 301, 15 S. Ct. 118, 39 L. Ed. 153; National Hollow B. B. Co. v. Interchangeable B. B. Co. (C. C. A.) 106 F. 693, 703.

■ 3. To prove prior conception or reduction to practice, the unsupported testimony of the inventor should usually be regarded as insufficient. Hunnicutt Co. v. Gaston Co. (C. C. A.) 218 F. 176; Columbus Chain Co. v. Standard Chain Co. (C. C. A.) 148 F. 622, 628, 629; Eck v. Kutz (C. C. A.) 132 F. 758, 763; Fay v. Mason (C. C.) 120 F. 506, 511; Clark Thread Co. v. Willimantic Linen Co., 140 U. S. 481, 492, 11 S. Ct. 846, 35 L. Ed. 521.

■ Under these rules, in the opinion of the court, the plaintiffs have failed to prove that their invention antedated the invention of Mr. Ford. In so holding, it may be that plaintiffs will suffer an injustice but there is greater danger that defendant would suffer an injustice if an effort should be made to take the case out of the usual rules and make it an exception thereto.

In this case, in addition to the testimony of the inventors, we have the testimony of Mr. Charles W. Peterson, but, obviously, while this testimony may be quite trustworthy so far as it goes, it is quite vague and uncertain, and does not aid substantially to the testimony of the plaintiffs. In view of the very considerable delay on the part of plaintiffs in reducing their invention to practice, it seems more than likely that their conception was not complete until after conception and reduction to practice by Mr. Ford. On the evidence, it is not reasonably possible to find for the plaintiffs on the claim of prior invention.

■ Another rule, in a different field, is that inventors must use reasonable diligence in reducing their conception to practice, in applying for patent, and in seeing that suit, if necessary, shall be instituted without unreasonable delay. Defendant claims that plaintiffs failed in these respects. Such claims involve the application of the rule relating to laches.

If an inventor desires protection under the laws, he should seasonably file an application for a patent. If he delays for an unreasonable period, some other person, acting independently and in good faith, may in the meantime invent substantially the same device. The laws must be so construed as to give reasonable opportunity for protection to the first inventor, and yet not go so far as to give him assurance, even in the face of unreasonable delay, to the prejudice of another inventor, junior in point of time, but otherwise quite as worthy as himself. Wood-

bridge v. United States, 263 U. S. 50, 44 S. Ct. 45, 68 L. Ed. 159; Macbeth Evans Glass Co. v. General Electric Co. (C. C. A.) 246 F. 695, 698, 699, 700, et seq.; Twentieth Century Machinery Co. v. Loew Mfg. Co. (C. C. A.) 243 F. 373, 384, 385; United Tunnel Improvement Co. v. Interborough Rapid Transit Co. et al. (C. C. A.) 207 F. 561, 568–569; Christie v. Seybold (C. C. A.) 55 F. 69, 76–77; Wright v. Postel (C. C.) 44 F. 352; In re Appeal of Mower, 15 App. D. C. 144.

This court is not inclined to place its decision on this question of delay or upon any phase of the doctrine of laches, whether relating to the filing of an application for patent or to the bringing of suit herein. In many cases such doctrine should be invoked and applied. Notwithstanding this, great wrongs are occasionally done in its name. The case here before the court rests upon the view that it has not been satisfactorily shown that the matured invention of plaintiffs, in point of time, preceded that of Mr. Ford.

The court is assuming that it has jurisdiction of the matter in question and that, but for the earlier invention on which defendant relies, there would be infringement.

A decree should be entered for the defendant.