## PERFECT TAILBOARDS, PATENTED, v. BILTWELL AUTO BODY CO., Inc.

### No. 8519.

District Court, E. D. New York.
Dec. 12, 1938.

Brown & Jones, of New York City (Donald L. Brown, of New York City, of counsel), for plaintiff.

Samuel M. Ostroff, of New York City, for defendant.

CAMPBELL, District Judge.

This is a suit in Equity for the alleged infringement of Patent No. 1,695,609 issued to Frank Richter, for "Tailboard and Tailboard Mounting for Truck and the Like," granted December 18th, 1928, on an application filed June 27th, 1927.

This suit is based on claims 1, 2 and 4.

Title to the patent in suit is in the plaintiff, and its right to maintain the action was stipulated at the trial.

Defendant interposed an answer which was in effect a general denial, but, by amendment made on the trial, it included an allegation of prior use by the defendant.

No prior art patents or publications were offered in evidence, and no testimony was given as to any prior use, except that of the defendant.

Therefore, the sole attack on the validity of the patent is the alleged prior use by the defendant, and as a further defense, the defendant, urges noninfringement.

The patentee of the patent in suit stated in the specification: "A prime object of this invention is to produce a tail-board and tail-board mounting for trucks wherein said mounting constitutes a hinge for the tail-board and a bumper or protective device therefor and for the truck."

Other objects of the invention are set forth in the specification which are to produce the following:

1. "A tail-board and tail-board mounting which provides a substantially flush surface and close joint at the connection between the tail-board and the end of the truck when the tail-board is lowered."

2. "Such a close joint between the end or tail of the truck and the adjacent edge portion of the tail-board as will permit the facile rolling of furniture, pianos and the like having casters across the joint between the said tail-board and the end of the truck and will avoid the breakage of such casters during such movement of the furniture across said joint."

3. "A tail-board for trucks and the like forming a connection which will be strong and rigid as well as being close and which will withstand extremely rough usage and have great endurance qualities."

4. "An extremely simple, hinged connection preferably formed of metal parts."

5. "A hinge connection between a tail-board and the end of the truck in which a round pipe or rod may be utilized as a pivot and in which part of the knuckles of the hinge will be formed by providing notches in a metallic edge piece, preferably of U-shaped configuration, extending to opposite surfaces of one of the parts to be connected thereby, such as the edge of the truck and cooperating hinge-knuckles will also consist of looped straps projecting from the edge of the other hinged part such as the edge of the tail-board and engaging opposite surfaces thereof."

The preferred form of the patented structure as clearly shown and described comprises a U-shaped hinge member 3, the upper face 4 of which is affixed to the upper surface of the floor of the truck and the lower face portion of which 5 is affixed to the lower surface of the floor of the truck (Fig. 5). This U-shaped member extends beyond the edge of the floor of the truck and provides a channel for the reception of the pipe element 15. Notches 7 are provided in the U-shaped element (Fig. 4) and straps 8 extending beyond the edge of the tail-board 12 and affixed to opposite faces thereof extend into these notches and pass around the pipe 15, thus providing a hinge element (Fig. 1) which gives a substantially smooth, unbroken surface, when the tail-board is lowered.

The U-shaped element 3, extends outwardly (Fig. 5) so as to provide a ridge or bumper which acts to protect the tail-board when it is in elevated or closed position.

The file wrapper and contents do not unduly limit the claims in suit as claims 1 and 2, original claims 2 and 4, were allowed substantially in the form in which they were submitted and the slight amendments to the other claims are not important.

■ The issuance of a patent carries with it the presumption of validity and the burden is on the defendant to satisfy the Court, by clear and convincing testimony, that the article was in use prior to the date of the obtaining of the patent. Corona Cord Tire Company v. Doyan Chemical Corporation, 276 U.S. 358, 48 S.Ct. 380, 72 L.Ed. 610.

In Block v. Nathan Anklet Support Co., 9 F.2d 311, the Circuit Court of Appeals of this Circuit, in rejecting a claim of prior use when even the alleged prior use was offered in evidence and the exhibit bore evidence of age said [page 313]: "The proof must be as absolute as in a criminal conviction; indeed, the rule comes nearly to this, that one must have contemporaneous records, verbal or structural."

See, also, The Barbed Wire Patent Case, 143 U.S. 275, 284, 285, 12 S.Ct. 443, 450, 36 L.Ed. 154; Daniel Green Felt Shoe Co. v. Dolgeville Felt Shoe Co., D.C., 205 F. 745, 756; Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153; Adamson v. Gilliland, 242 U.S. 350, 37 S.Ct. 169, 61 L.Ed. 356; General Insulating Mfg. Co. v. Union Fibre Co., 7 Cir., 261 F. 389; Eibel Process Company v. Minnesota & Ontario Paper Company, 261 U.S. 45, 60, 43 S.Ct. 322, 67 L.Ed. 523.

■ Written proof, as to prior use, is generally preferred by the Court, but, as defendant contends, there have been cases in which the prior use has been found without such proof as in the cases cited by the defendant, Corona Cord Tire Co. v. Dovan Chemical Corp., supra; Crone v. John J. Gibson Co., 2 Cir., 247 F. 503; Grupe Drier & Boiler Co. v. Geiger, Fiske & Koop, 8 Cir., 215 F. 110; Sipp Electric & Machine Co. v. Atwood-Morrison Co., 3 Cir., 142 F. 149; Rochester Coach Lace Co. v. Schaefer, C.C., 46 F. 190, affirmed at 2 Cir., 50 F. 106.

In all of these cases, cited by the defendant, the proof, although not written, was clear and convincing that the articles were in use prior to the date of the obtaining of the Patent, and therefore, these cases do not seem to me to be in point, because the evidence of the prior use by the defendant is not clear and convincing.

Only two witnesses were called by the defendant to sustain its defense of prior use. There was not offered in evidence any contemporaneous writings or physical exhibits.

■ Brown, the Manager of the defendant, had no records to refresh his recollection, and did not have a clear recollection as to many important dates. The models which he offered were constructed by him for the purpose of this trial, and only a short time prior thereto, solely from memory, without the aid of any drawings, sketches or notes. His testimony was conflicting in many ways, among which, was his statement that while the defendant was equipped to produce all of its tail-boards and hinges, and never had more work than it could supply, it purchased many of the hinges from other manufacturers, among which, had at one time, been the plaintiff. He also testified that certain trucks were actually in existence, which were equipped with the alleged prior use tail-boards, naming specifically a truck in Newburg and trucks in Brooklyn. Neither of these trucks, nor photographs, of any of them, were produced by the defendant, and no customer who had purchased any of the alleged prior use tail-boards was called as a witness. Where there is, in existence, a device alleged to embody the prior use, failure to produce that device will justify a rejection of the defense. H. Mueller Mfg. Co. v. Glauber, 7 Cir., 184 F. 609; Williams Patent Crusher & Pulverizer Co. v. St. Louis Pulverizer Co. et al., C.C., 104 F. 795, 801.

■ The only other witness called by the defendant, to sustain the alleged prior use, was one, Phillips, a former employee of the defendant. A reading of his testimony clearly shows that he did not distinguish between the various models introduced by the defendant as illustrative of its' structures. He persisted in contending that he was the inventor of a certain elevated sill, but this had no bearing upon the question of infringement, as it is not the subject of the Patent in suit. Phillips' testimony, as to the dates when certain structures were made and used, is in sharp conflict with the testimony of the defendant's other witness, Brown, furthermore, the defendant

in its original answer, alleged prior use by persons and firms unknown to it, and made no allegation as to its own prior use. The first attempt to amend the answer to include an allegation of prior use by the defendant itself, had not been made until the case was brought on for trial, and then on the consent of the plaintiff, such amendment was made.

However, honest, the witness Brown may be, in his belief, and I do not doubt the honesty of his belief, as to the alleged prior use by the defendant, his testimony is not supported by any written evidence, nor by the testimony of Phillips, in such a clear and convincing manner as to warrant the invalidating of the Patent in suit.

Claims 1, 2 and 4 of the Patent in suit are valid.

This brings us to the question of infringement.

It is true, of course, as contended by defendant, that proof of infringement to sustain the plaintiff's cause of action, must be clear, explicit and convincing. Marcus v. Sutton, C.C., 124 F. 74; but, no inference of infringement, by the defendant, arises from a prior finding of infringement by another defendant, in another case. Todd Protectograph Co. v. New Era Mfg. Co., D.C., 236 F. 768.

The rule, as to proof of infringement, is more stringent where the invention is not a pioneer invention. Wright v. Yuengling, 155 U.S. 47, 15 S.Ct. 1, 39 L.Ed. 64; Eibel Process Co. v. Minnesota & Ontario Paper Co., supra.

Defendant also properly contends that where the evidence of infringement is not clear, or where there is any doubt about it, the injunction must be denied, but, in the case at bar there seems to be a clear case of infringement. Four photographs were offered in evidence as Exhibit 3 of the device which plaintiff alleged infringed, and they were stipulated to illustrate a tail-board and hinge construction made by defendant subsequent to the issuance of the Patent in suit, and prior to the filing of the complaint. These photographs show as follows: In the first photograph, the tail-board is shown in dropped position, the hinge structure comprising an extending U-shaped element, notched at each end, and at three intermediate points. In the second photograph, the tail-board is shown in delivering position, the U-shaped element being clearly shown, as extending under the rear door of the truck, and projecting substantially beyond the tail of the truck. In the third photograph, the tail-board is shown in raised position, and provided with five U-shaped straps which are fastened to each face of the tail-board and extend beyond the hinged edge thereof. A loop is provided by each of these straps which fit into the notches in the other hinged element.

In the second photograph, is shown a circular pipe extending through the loops on the straps, affixed to the tail-board and the projections on the plate affixed to the floor of the truck, thus cooperating with these elements to provide a hinge.

In the third photograph, the hinge is shown as projecting outwardly beyond the face of the tail-board, when it is in elevated position, thus acting as a bumper.

In the fourth photograph, which is that of the complete truck, the outwardly projecting hinge is clearly shown.

In the second photograph, where the tail-board is in delivering position, the floor surface is substantially smooth, and unbroken, there being substantially no depression between the tail-board itself, and the extending surface of the U-shaped element affixed to the floor.

Claims 1 and 2 which read as follows:

"1. A tail-board and tail-board mounting embodying, in combination, a hinge member fastened at the edge of the tail of a truck and engaging upper and lower surfaces thereof, and another hinge member mounted at the edge of the tail-board and likewise engaging opposite surfaces thereof, one of such hinge members being provided with knuckles and a notch between such knuckles and the other member having a projecting knuckle fitting within said notch, and a pivot member extending across said notch and within the knuckles to connect the two members together and to provide a close and strong connection between the edge of the truck and the adjacent edge of the tail-board, the hinge member secured to the edge of the tail of the truck extending beyond the face of the tail-board when in vertical position to thereby constitute a bumper or protective means for the truck and tail-board."

"2. A tail-board and tail-board mounting embodying, in combination, a hinge member fastened to the edge of a truck, comprising a U-shaped bar cut at its U-shaped edge portion to provide a plurality of knuckles and knuckle notches, and other hinge mem-

934

bers 'mounted on the tail-board and comprising straps having U-shaped knuckle portions extending beyond the edge of said tail-board and fitting within the notches in said U-shaped bar, and a pivot member extending within said knuckles of the bar and straps respectively to connect the members together and to provide a close and strong connection between the edge of the truck and the adjacent edge of the tail-board, said U-shaped bar extending beyond the face of the tail-board when in vertical position to thereby constitute a bumper or protective means for the truck and tail-board." · Claims 1 and 2 of the Patent in suit, are clearly infringed.

Claim 3, which calls for a spring edging strip on the inner face of the tail-board, is not found in the defendant's structure, and therefore, that Claim is not infringed.

Claim 4, calls in addition, for the tail-board to be thinner than the edge of the tail of the truck, and this is found in the 4th photograph. Claims 1, 2 and 4 of the Patent in suit in letter and spirit read upon defendant's structure shown in the various models presented by defendant's witness, Brown, therefore, Claim 4 as well as Claims 1 and 2 is infringed.

The infringement is still continued, as defendant is still continuing to make structures, such as those shown in Exhibit 3. Whatever argument defendant presents as to the truck alleged to have been seen at defendant's factory, the fact still remains that there was, before the Court, the conceded photographs, Exhibit 3, and from them the Court is able to determine that defendant infringes without the assistance of any oral testimony.

While the invention may not be a very broad one, it seems to me that it does represent a real advance in the art, and there was nothing offered before the Court on this trial, either by way of prior art, or the file wrapper contents of the Patent in suit, which limited it, so as to relieve the defendant from infringement.

A decree may be entered in favor of the plaintiff against the defendant, with injunction, costs, and the usual order of reference.

Settle decree on notice.

Submit proposed findings of fact and conclusions of law in accordance with this opinion for the assistance of the Court, as provided by Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the Rules of this Court.