## HASTINGS MFG. CO. v. GRAY.
### No. 87.

District Court, W. D. Michigan, S. D.

Oct. 2, 1940.

Earl & Chappell, of Kalamazoo, Mich., for plaintiff.

Rice & Rice, of Grand Rapids, Mich., and McCaleb, Wendt & Miller, of Chicago, Ill., for defendant.

RAYMOND, District Judge.

This matter is before the court on defendant's motion to dismiss. The substantial ground of the motion is that it appears upon the face of the patent that the patentee has included in his claims an old element, namely, an expander spring which presses the piston ring elements outward and increases the unit pressure, while admitting that this spring is a non-essential and that there is no new co-action or co-operation between the elements of the claims relied upon. Segregated portions of the specification may justify such conclusions. However, other portions of the specification claim co-action of the various elements. (See page 2, column 1, line 52 et seq., and page 2, column 2, line 15 et seq.)

It has been pointed out that upon such motions to dismiss, generally speaking, justice is more likely to be attained by leaving the merits of the cause to be disposed of after submission of proof. See Winget v. Rockwood, 8 Cir., 69 F.2d 326; Albee Godfrey Whale Creek Co. v. Perkins, D. C., 6 F.Supp. 409. In the case of Coffield v. Sunny Line Appliance, 6 Cir., 297 F. 609, 610, it was said: "We are asked to sanction the practice here adopted; but we do not see how it can well be authorized against the objection of either party. This court has many times passed upon the situation arising in patent cases upon a demurrer or motion to dismiss. Such a motion cannot be sustained, unless the lack of patentability is so palpable that no conceivable evidence could show the fact to be otherwise."

And in the case of Forestek Plating & Mfg. Co. v. Knapp-Monarch Co., 6 Cir., 106 F.2d 554, 557, it was said: "In determining the validity of the claims involved, the following legal principles are applicable: first, that the issuance of the patent is enough to show, until the contrary appears, that all of the conditions prere-

quisite to patentability are present and that a heavy burden rests on the assailant to show invalidity. Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 171, 57 S.Ct. 675, 81 L.Ed. 983; Adamson v. Gilliland, 242 U.S. 350, 353, 37 S.Ct. 169, 61 L.Ed. 356; second, that a new combination of elements, old in themselves, but which produces a new and useful result or any diversity of arrangement of old things which introduces a new function or a new and useful method performing the old function in a new way, support patentability, Expanded Metal Company v. Bradford, 214 U.S. 366, 381, 29 S.Ct. 652, 53 L.Ed. 1034; Webster Loom Company v. Higgins, 105 U.S. 580, 591, 26 L.Ed. 1177; * * *."

 Consideration of the patent in suit in the light of these well-established principles convinces the court that the motion to dismiss should be denied, and an order will be entered accordingly.