## R. C. MAHON CO. v. DETROIT STEEL PRODUCTS CO.
### No. 7909.

Circuit Court of Appeals, Sixth Circuit.
Nov. 8, 1939.

Stuart C. Barnes, of Detroit, Mich. (Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich., on the brief), for appellant.

Arthur C. Beaumont, of Detroit, Mich. (William J. Belknap, Arthur C. Beaumont, and Whittemore, Hulbert & Belknap, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and AR-ANT, Circuit Judges.

HICKS, Circuit Judge.

The patent in suit, owned by appellee, is No. 1,574,586, February 23, 1926, to Loucks and Gillett, herein called Gillett. It is for "Building Construction" and relates to structures embodying sheet metal units, adapted, when assembled, to produce light but strong foundations for roofs, floors, etc. The defenses were invalidity and non-infringement.

The District Court decreed that Claims 5, 6 and 7 were valid and infringed. Claim 6 is typical. It combines (1) with supporting members, (2) a series of sheet metal plates, (3) mounted thereon, (4) each plate having integral spaced angular ribs formed on one side only thereof, (5) said ribs extending across the members, (6) and forming in effect load-sustaining trusses between the same, (7) the other side of such plate forming a substantially continuous surface, (8) and a covering of insulating material applied to the last mentioned surface, and (9) supported at substantially all points thereby.

On January 17, 1922, Patent No. 1,403,510 was issued to Loucks for "Roofing and Similar Construction". It was likewise a combination patent and had supporting members. In Gillett the supports are described as joists or roofing purlins. In Loucks they are described as purlins or supporting beams. The two descriptions are of identical elements. Loucks had a series of sheet metal plates mounted on supporting members. The sheet metal plates of Gillett differed from those of Loucks in that the Gillett plates had integral spaced angular ribs formed on one side only, while the sheets of Loucks were "ferroinclave", but the latter's specification states that any other form of corrugated metal than ferroinclave may be used. The sheet metal plates of both patents extended across the supporting members and formed load-sustaining trusses. In Gillett the side of the plates opposite the angular ribs formed a substantially continuous surface, while the corresponding side of Loucks formed a substantially continuous corrugated surface. The difference is denoted by the word "corrugated". The Gillett patent was applied for on January 16, 1924.

Gillett was not the first to use metal plates with a substantially continuous surface. The Truscon Steel Company used such plates in their "steel-deck" roofs as early as February 1923. Both Loucks and Gillett by the use of some character of adhesive applied insulating material to the exposed or upper surface of the sheet metal plates. For this insulation Loucks used cork board. Gillett used celotex. The cork board, when applied, rested upon the upwardly projecting corrugations of the Loucks metal sheet. The celotex was supported at all points by the continuous or smooth upper surface of the Gillett metal sheets.

As indicated above, Gillett found in the Loucks patent nearly all the elements already in combination. Instead of using the corrugations of Loucks as load-sustaining trusses, he did away with them altogether and used the integral spaced angular ribs fashioned on one side of his continuous metal sheets. This was substitution and not invention.

Gillett admits in his testimony that the only new thing he did was to fashion the integral angular ribs. He made these ribs triangular in cross-section with their bases spaced away from the body of the metal sheet and connected to it by their convergent sides, the sides forming an acute angle with each other and meeting at the closed seam of the plate. The formation of such triangular rib was not invention. It was nothing more than providing a broad supporting base,—a common expedient. He admits that he did it by simply pressing together at the top the open corrugations of Loucks. He undoubtedly got the triangular effect from the triangular aspect of the corrugations shown in Figure 3 of the Loucks patent.

Celotex came into general use about 1923. The celotex boards were much lighter and thinner than cork boards and a skilled mechanic would readily see that they needed no stronger support than the angular ribs of Gillett. It was of course

not invention to apply celotex boards to the smooth surface of metal sheets or to substitute celotex for cork to form a lighter roof. Nor was it invention to project the angular ribs upwardly as in Figure 3 of the patent rather than downwardly as in Figure 2. This amounted to no more than adjustability. See Condit v. Jackson Corset Co., 6 Cir., 35 F.2d 4, 6; Newcomb David Co., Inc. v. R. C. Mahon Co., 6 Cir., 59 F.2d 899, 901; John T. Riddell, Inc. v. P. Goldsmith Sons Co., 6 Cir., 92 F.2d 353, 356; Stockham Pipe & Fitting Co. v. Ohio Steel Fdry. Co., 6 Cir., 78 F.2d 111, 113.

We think that the patent in suit is invalid as to the claims involved and we find it unnecessary to consider the question of infringement. The decree is reversed and the case remanded with directions to dismiss the bill.