**COX v. DOHERTY et al.**

No. 1315.

District Court, S. D. California, Central Division.

April 10, 1942.

See, also, 1 F.R.D. 564.

Arthur F. Larrabee, of Los Angeles, Cal., for plaintiff.

Merrill Brown (of Dudley, Brown & McCurdy), of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

This is an action for infringement of United States Letters Patent, No. 1,820,-624, brought by the plaintiff, the assignee of Victor V. Kunkel, to whom Letters Patent were issued on August 25, 1931. At a pre-trial hearing the issues were limited to claimed infringements of claims No. 1,

No. 5 and No. 6 of the patent in suit, and claim of defendant that plaintiff's patent is not valid in that alleged inventions set forth in claims 1, 5 and 6 have been patented and described in printed publications prior to the supposed invention. Claims 1, 5 and 6 are as follows:

"1. As an article of manufacture, a tile formed of metallic material and having foraminate means at its rear surface for securing it to a base, said means consisting of a separate layer of foraminous material attached to the back of the tile and being wholly exposed to be impressed in the base while this is in a plastic state."

"5. A sheet metal tile element provided with means for interlocking it in a plastic bed and comprising rearwardly turned peripheral flanges which have tangs which are bent over substantially parallel to the rear surface of the tile; said tangs being embedded in the plastic material which fills the space at the back of the embedded tile."

"6. A tile having a sheet metal face panel provided with rearwardly bent flanges forming a shallow chamber, and a backing medium disposed in the chamber and being exposed at the back of the panel so as to bear directly against a bed onto which the tile is to be laid; said flanges having fastening prongs provided along their rear edges."

The defendant, to support his claim of prior art, relied upon and introduced in evidence the following United States Letters Patent:

| | | | |
|---|---|---|---|
| Doherty | 2,094,782 | Oct. 5, | 1937 |
| Mann | 810,291 | Jan. 16, | 1906 |
| Brown | 1,632,431 | June 14, | 1927 |
| Beinke | 537,379 | Apr. 9, | 1895 |
| Stark | 1,633,685 | June 28, | 1927 |
| Eggers | 1,712,202 | May 7, | 1929 |
| Knapp | 1,055,788 | Mar. 11, | 1913 |

The Doherty patent first mentioned was issued to the defendant in this action. It is clear that there is no fundamental difference between the Kunkel and the Doherty methods of construction of the metal tile, capping or trim, or the methods of applying the same in making sinks, wall protection, or other uses in building. Considerable emphasis was laid upon the "rearwardly turned peripheral flanges which have tangs which are bent over substantially parallel to the rear surface of the tile, said tangs being imbedded in the

plastic material which fills the space at the back of the imbedded tile". The Beinke patent, supra, which covered building-molding, provided, among other things: "* * * This molding in all of its forms is provided with lugs or projections bent alternately in opposite directions, and made by forming slits in the edges of the molding and bending the metal between the slits outwardly and inwardly, * * * The molding thus formed is filled with plaster or cement such as is used for covering the lath, and while the plaster on the lath, as well as that which fills the molding is still green and wet, the molding is forced into place, the prongs entering the plaster on the wall, and the plaster in the molding coming up against the plaster on the wall, so as to adhere thereto as the plaster dries out."

The Brown patent, which covers wall panel, supra, provides: "The pan is filled with a supply of plaster or mortar of characteristics similar to those of the plaster or mortar used in the surrounding wall. In order to retain the filler in the pan, a sheet of metal lath, or the like, is anchored to the pan in any suitable way to which the plaster will be bound in the usual manner. To further anchor the filler in the pan and to strengthen the front corner edges of the panel, the front edge of the edge member is turned inwardly. This turned over front corner edge obviously strengthens the frame around the panel, and also protects the front edges of the panel against breakage."

In this patent a number of inturned flanges made by merely cutting the back of the pan and bending a portion inwardly provides a convenient means of securing the sheet of metal lath in the pan.

In the Mann patent, supra, covering interior building construction, provision is made for the use of sheet metal filled with cement in the trimmings of base pieces, commonly known as "trim".

In view of the conclusions reached by the court, it is not necessary to refer to all of the patents introduced in evidence by the defendant.

 An invention, in order to be protected by Letters Patent, must come within the terms prescribed by Congress. U.S. C.A. Title 35, Sec. 31; R.S. Sec. 4886. See also U.S.C.A. Title 35, Sec. 73; R.S. Sec. 4929. It is generally held that the question of invention is a fact to be determined by the trial court. It is thus distinguished

from a question of law. Keyes v. Grant, 118 U.S. 25, 6 S.Ct. 974, 30 L.Ed. 54; Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098. Therefore, unless error is shown the appellate courts usually accept the findings on questions of fact made by the trial court. Adamson v. Gilliland, 242 U.S. 350, 37 S.Ct. 169, 61 L.Ed. 356; Wright Blodgett Co. v. United States, 236 U.S. 397, 35 S.Ct. 339, 59 L.Ed. 637; Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 50 S.Ct. 9, 74 L.Ed. 147. In view of these settled principles of law, trial courts have exercised the greatest care in examining the claims made by inventors or their assigns under patents.

It is clear to the court that claims made by the plaintiff in his patent and the claims made by defendant in his patent, were both known to the prior art, and were described in printed publications; it therefore cannot be said that the claims were new. Mast, Foos & Co. v. Stover Manufacturing Co., 177 U.S. 485, 20 S.Ct. 708, 44 L. Ed. 856; Duer v. Corbin Cabinet Lock Co., 149 U.S. 216, 13 S.Ct. 850, 37 L.Ed. 707.

It cannot be said that the device in question accomplishes a result never before attempted or thought of, or that the materials are used in a manner never before employed. Concrete Appliances Co. v. Meinken, 6 Cir., 262 F. 958. Plaintiff failed in his attempt to exploit his device or to have the same generally accepted by the trade, and while somewhat better success attended the efforts of the defendant, it cannot be said that the device had long and continuous recognition. New Process Fermentation Co. v. Maus, 122 U. S. 413, 7 S.Ct. 1304, 30 L.Ed. 1193.

"To grant to a single party a monopoly of every slight advance made, except where the exercise of invention somewhat above ordinary mechanical or engineering skill is distinctly shown, is unjust in principle and injurious in its consequences. The design of the patent laws is to reward those who make some substantial discovery or invention, which adds to our knowledge and makes a step in advance in the useful arts. * * * It is never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures". Atlantic

Works v. Brady, 107 U.S. 192, 2 S.Ct. 225, 231, 27 L.Ed. 438.

It is clear to the court that any skilled mechanic could, without the exercise of much thought, make and use the device described in the pleadings and nothing approaching invention can be found. It has been held that to apply celotex boards to the smooth surface of metal sheets, or to substitute celotex for cork to form a lighter roof in a roofing construction, is not invention and this could be accomplished by any skilled mechanic. R. C. Mahon Co. v. Detroit Steel Products Co., 6 Cir., 107 F.2d 335.

In view of the emphasis placed upon the turned peripheral flanges hereinbefore referred to in this opinion, the opinion in Re Beadle v. F. W. Woolworth Co., 2 Cir., 107 F.2d 752, is of interest. The court held that minor differences in a hair former, such as looped ends to be grasped instead of flat ones, came within the everyday work of the good mechanic.

The device or tile is made of metal and is claimed to be rust-proof and its weight much less than that of ceramic tile. The making of a clay or porcelain knob did not involve invention over prior knobs of metal or wood. Hotchkiss v. Greenwood, 11 How. 248, 52 U.S. 248, 13 L.Ed. 683.

The Ninth Circuit Court has passed upon numerous questions of infringement of Letters Patent. A citation of a few of the opinions which dealt with novelty invention and mechanical skill will suffice as authority for the court's holding in this opinion. Last December two opinions were handed down. A device constructed to pass over the upper ends of the present commercial milk bottles and seated upon the curved shoulders of the bottles in position to display any advertisements, was held invalid as anticipated and for lack of novelty and invention. Pevely Dairy Co. v. Borden Printing Co., 9 Cir., 123 F.2d 17.

A device for testing the alignment of cooperative dirigible wheels held invalid for want of novelty. John Bean Mfg. Co. et al. v. Creagmile et al., 9 Cir., 123 F.2d 182.

A combined conduit, junction box, and outlet box to provide improved means to meet the requirements of electrical installations in office buildings and other buildings for electrical lights, telephones, signal devices, etc., held invalid for anticipation.

Tashjian et al. v. Forderer Cornice Works, 8 Cir., 14 F.2d 414.

A drapery hook consisting of a piece of spring wire a little over three inches long, blunt at one end and drawn to a point at the other, so shaped that the major portion thereof, beginning with the blunt end, forms an inverted "U" and the other end is bent outward with a sharper but slightly looped curve until the upper part thereof approximates contact for some distance with the leg of the U. In use the device is engaged with the drapery by an upward thrust of the pointed arm into the top border, and the other end is hooked over the rod or bar or other means provided for hanging the drapery. The spring pressure between the pointed arm and the hook tends to hold the device to the impinged fabric. The device was held invalid for want of patentable novelty. The opinion also holds that a patented device, because it has gone into comparatively wide use, does not necessarily show novelty and invention, especially where it is so simple that merit may count for less than salesmanship, advertising and attractive prices. McGhee et al. v. Le Sage & Co., Inc., 9 Cir., 32 F.2d 875.

An "imitation shake shingle", a wooden shingle having the appearance of a split shake when laid and yet giving all the warmth usually obtained from sawed shingles and at the same time capable of being laid with no greater difficulty than is the sawed shingle—held void for lack of novelty. Putman v. Beaver State Shingle Co. et al., 9 Cir., 46 F.2d 353.

Store furniture consisting of sectional shelving similar to the well-known sectional bookcases, making stacks short distance apart and end-to-end, and covering the intervening space by means of a unit having in its exposed surface the appearance of a post or pilaster extended over and fitting tightly against edges of adjacent stacks. The flanges are provided at suitable intervals with notches or slots opening at the flange edges and extending inwardly and upwardly so as to engage with headed pins or posts projecting at corresponding intervals from the end surfaces of the stacks. The engagement of the slotted flanges with these posts serves to draw the pilaster close to the face edges of the stacks, and to unite the stacks into a single structure. Held not infringed. Grand Rapids Show Case Co. v. Weber Show Case & Fixture Co. et al., 9 Cir., 38 F.2d 730.

An improved method of counterbalancing engine main shafts held not valid because of anticipation or unpatentability. Don Lee, Inc., v. Walker, 9 Cir., 61 F.2d 58.

A wrench handle—held not valid for anticipation and lack of invention. Eagle et al. v. P. & C. Hand Forged Tool Co., 9 Cir., 74 F.2d 918.

The manner of attaching a tapered hollow steel shaft to the head of a golf club was the application of old process to new subject without any exercise of inventive faculty and without development of any idea which could be deemed new or original. Held not valid for want of invention. Wilson-Western Sporting Goods Co. v. Barnhart, 9 Cir., 81 F.2d 108.

A steering wheel for auto vehicles having a rim with a smooth outer surface, and an inner surface with scallops or indentations, to prevent the fingers of the operator from slipping, is void on its face for lack of invention. Towne Steering Wheel Co. v. Lee, 9 Cir., 199 F. 777.

Attaching handles to otherwise old receptacles or articles does not constitute "invention". Spring wire collar snubber designed to maintain collar and tie in position held anticipated. Dailey v. Lipman, Wolfe & Co., 9 Cir., 88 F.2d 362.

Amending and improving the original thought by doing the same thing by practically the same method, but with better results, is not invention that will sustain patent. Device relating to rotary core drills invalid as lacking invention. Elliott Core Drilling Co. v. Smith, 9 Cir., 50 F.2d 813.

"Straddle-type" truck, combination of truck and an elevator or hoist was found by the court to be a mere aggregate of a number of old parts or elements which, in the aggregate, performed or produced no new or different function or operation, and not patentable as an invention. Dallas Machine & Locomotive Works, Inc., v. Willamette-Hyster Co. et al., 9 Cir., 112 F. 2d 623.

In view of the holding of the court, it is not necessary to discuss the doctrine of equivalents. Chief Justice Stone, in a recent opinion, Exhibit Supply Co., Petitioner, v. Ace Patents Corporation (Genco, Inc., Petitioner, v. Ace Patents Corporation; Chicago Coin Machine Co., Petitioner, v. Ace Patents Corporation) 62 S.Ct. 513, 86 L.Ed. ——, made some interesting comments on the doctrine of equivalents.

 It is the opinion of the court that the Kunkel patent, No. 1,820,624, is invalid for the reasons stated. The validity of the Doherty patent, No. 2,094,782, is not before the court for determination. Each party will bear his own costs. Findings will be prepared by the defendant in accordance with this opinion.